**In the Interest of J.S., A Child.**

No. 06–05–00045–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 30, 2005.

Decided Oct. 4, 2005.

Joseph James, Sr., Joseph James, PLLC, Houston, for appellant.

Taneska Stout, Fortson, GA, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Joseph James, Jr., filed a petition affecting the parent-child relationship, alleging that he is the father of J.S. and that Taneska Stout is the child's mother. In his original petition, Joseph alleged Taneska is a nonresident of Texas and could be served with process at Fortson, Georgia. Joseph further alleged J.S. was born December 25, 2003, and resided in Harris County, Georgia. Joseph requested that the court enter an order appointing him and Taneska as joint managing conservators. Taneska filed a response entitled Special Answer and Special Motion to Dismiss, in which she specifically denied that the Jefferson County, Texas, court had jurisdiction. She further alleged that the minor child had resided in the State of Georgia since birth and that Georgia was the home state of the child in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). The trial court considered the motion for temporary orders February 7, 2005, and determined jurisdiction was not proper in the State of Texas and dismissed the case without prejudice March 7, 2005. Joseph appeals alleging Taneska had sufficient contacts with the State of Texas to allow the district court to exercise jurisdiction.

Joseph argues that Taneska previously attended school in Texas and that the child was conceived in Texas, thereby authorizing Texas courts to exercise jurisdiction. These allegations are relevant as to personal jurisdiction; however, this case is controlled by subject-matter jurisdiction. Subject-matter jurisdiction exists when the nature of the case falls within a general category of cases that the court is empowered, under applicable statutory and constitutional provisions, to adjudicate. *In re Barnes*, 127 S.W.3d 843, 846 (Tex.App.-San Antonio 2003, no pet.) (citing *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex.App.-El Paso 2000, no pet.)). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Subject-matter jurisdiction over custody issues in Texas is governed by the UCCJEA. TEX. FAM.CODE ANN. §§ 152.001–.317 (Vernon 2002 & Supp. 2004–2005); *Barnes*, 127 S.W.3d at 846. That Act provides mandatory jurisdictional rules for an original child custody proceeding. Georgia has also adopted the UCCJEA. *See* GA.CODE ANN. § 19–9–61 (2005). A Texas court must have jurisdiction under the UCCJEA to make a child custody determination.

Section 152.201 governs the initial child custody jurisdiction of courts in the State of Texas and allows Texas courts to make an initial child custody determination only if the statutory requirements are fulfilled. We will summarize the four possible bases of jurisdiction in Texas and then examine whether any of the four authorizes a Texas court to conduct this custody determination.

(1) Home State Jurisdiction—A Texas court has jurisdiction if Texas is the state in which a child lived with a parent for at least six consecutive months immediately before the commencement of a child custo-dy proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from the state, but a parent continues to live in Texas. *See* TEX. FAM. CODE ANN. §§ 152.102(7), 152.201(a)(1).

The undisputed facts compel the conclusion that Texas is not the home state of J.S. Joseph acknowledges the child was born in Georgia and has never lived in the State of Texas. The child is almost two years old. Since Georgia is the child's home, it qualifies to exercise jurisdiction over the custody question.

(2) Significant Contact Jurisdiction—A Texas court may also have jurisdiction if no court from another jurisdiction qualifies as the home state of the child under (1) above or the home state court of the child has declined to exercise jurisdiction on the ground that such court is an inconvenient forum or due to unjustifiable conduct (such as kidnapping) by a person seeking to invoke that court's jurisdiction and the child and at least one parent have significant contacts with Texas. *See* TEX. FAM. CODE ANN. §§ 152.201(a)(2), 152.207, 152.208.

There is no allegation or evidence that the courts of the State of Georgia have declined to exercise jurisdiction or have determined that Texas is the more appropriate forum. Joseph acknowledges that the child's mother has filed a suit in Georgia regarding parentage of the child. In her answer and motion to dismiss, Taneska alleges that a Georgia state court has entered an order granting her custody of the child and determining that Georgia is the home state of the child.

(3) More Appropriate Forum Jurisdiction—A Texas court has jurisdiction if all courts having jurisdiction under (1) or (2) above have declined to exercise jurisdiction, finding Texas the more appropriate

forum. *See* TEX. FAM.CODE ANN. § 152.201(a)(3).

Texas courts do not acquire jurisdiction under this provision because there is no evidence that all courts having jurisdiction have declined to exercise jurisdiction or found that Texas courts are the more appropriate forum.

(4) Default Jurisdiction—A Texas court has jurisdiction if no court of any other state would have jurisdiction under (1), (2), or (3) above. *See* TEX. FAM.CODE ANN. § 152.201(a)(4).

This provision does not apply because Georgia, as the home state, has jurisdiction under (1) above.

We agree that the district court in Jefferson County, Texas, did not have jurisdiction to make this custody determination. The provisions of the UCCJEA referred to above are the exclusive jurisdictional bases for making a child custody determination by a court in Texas. TEX. FAM.CODE ANN. § 152.201(b).

We affirm the judgment of the trial court.