961 So.2d 173 (2007)
Kelly Elizabeth STULCE
v.
John Roger STULCE.
2050751.
Court of Civil Appeals of Alabama.
January 12, 2007.
Joshua J. Lane, Anniston, for appellant.
R. Allen Crow, Anniston, for appellee.
PITTMAN, Judge.
The sole issue presented in this appeal is whether an Alabama circuit court or a Virginia domestic court properly exercised jurisdiction over the parties' child pursuant to § 30-3B-101 et seq., Ala.Code 1975, Alabama's version of the Uniform Child Custody Jurisdiction Enforcement Act ("the UCCJEA").
Kelly Elizabeth Stulce ("the mother") and John Roger Stulce ("the father") were married in Virginia on June 13, 1999; following the marriage, the parties moved to Alabama when the father accepted a teaching position at Jacksonville University. One daughter, R.M.S. ("the child"), was born to the parties; the child was three years old at the time the parties' divorce judgment was entered by an Alabama circuit court. In April 2003, 20 days after the birth of the parties' child, the mother left the marital residence with the child and moved back to Virginia where many of the mother's relatives still lived. The mother never returned to Alabama.
On October 29, 2003, six months and one day after moving to Virginia, the mother filed a complaint in a Virginia domestic court seeking, among other things, a divorce from the father and custody of the child. However, earlier that same month, the father had filed a complaint in the Calhoun Circuit Court seeking similar relief. On November 12, 2003, the mother filed an objection to the Alabama circuit court's jurisdiction over the parties and the child. In that filing, the mother notified the Alabama court of the pending action in Virginia and the fact that the Virginia court had not refused jurisdiction; in that pleading, the mother also requested that the Alabama court dismiss the father's divorce action.
*174 In January 2004, the Alabama court held a hearing on the mother's motion and denied the motion to dismiss, asserting that the Alabama court had jurisdiction over the parties and the child. However, on February 27, 2004, the Virginia court made a determination that it was the home state of the child; therefore, that court opined that it was the proper forum for determining custody and visitation issues.
Following numerous delays and an ore tenus proceeding at which the mother's attorney appeared solely for the purpose of objecting to the Alabama court's exercise of jurisdiction, the Alabama court entered a judgment divorcing the parties on May 6, 2006. In that judgment, the court awarded the mother primary physical custody of the parties' child, awarded the father extended visitation, and ordered the father to pay child support. The court specifically deviated from the Alabama child-support guidelines and reduced the father's monthly child-support obligation by $100 to help defray his visitation costs. The court also divided the marital assets and debts between the parties. The mother filed a timely appeal challenging only the custody portion of the judgment.
The mother contends that the Alabama court did not have jurisdiction pursuant to the UCCJEA to enter a custody order regarding the parties' child. The UCCJEA sets forth the criteria for deciding which state's courts will have jurisdiction to make a child-custody determination. Section 30-3B-201, Ala.Code 1975, provides the following:
"(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial custody determination only if:
"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:

"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
"(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

"(c) Physical presence of a child is not necessary or sufficient to make a child custody determination."
(Emphasis added.)[1]
The crux of the problem in this case is the apparent conflict between subsections *175 (a)(1) and (a)(2) of § 30-3B-201. The record in this case clearly indicates that Alabama, not Virginia, was the home state of the child at the time the father filed his complaint seeking a divorce and child custody. See § 30-3B-201(a)(1), Ala.Code 1975.[2] However, by the time the mother filed her divorce complaint, the necessary six-month residency period as to the mother and the child in Virginia had elapsed. Thus, the dispositive question is which state properly gained jurisdiction over the parties and the child for purposes of entering a divorce judgment and awarding custody of the child.
Pursuant to Va.Code Ann. § 20-146.12(A)(2) (Virginia's nearly identical version of § 30-3B-201(a)(2), Ala.Code 1975), the Virginia court in this case could properly make an initial custody determination only if (1) the home state (Alabama) had declined to exercise jurisdiction, (2) the child and at least one parent had significant connections with Virginia, and (3) substantial evidence concerning the child's care, protection, training, and personal relationships were available for the Virginia court's review. In this case, however, the Alabama court refused to relinquish jurisdiction to the Virginia court, citing Alabama's status as the home state of the child; thus, we conclude that the Virginia court did not acquire jurisdiction over the parties pursuant to its own version of the UCCJEA.
The mother contends, however, that § 30-3B-206(b) required the Alabama court to dismiss the father's action and to defer jurisdiction to the Virginia court. That provision of the UCCJEA states, in pertinent part:
"Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding."
The mother asserts that the Alabama court abused its discretion when it failed to dismiss the father's action pursuant to § 30-3B-206(b) because the Virginia court had accepted jurisdiction over the parties and had "jurisdiction substantially in accordance with this chapter." The fatal flaw in that assertion is that the father's complaint was filed in Alabama before the mother had established her and the child's six-month residency in Virginia. On these undisputed facts, then, the Virginia court could not have exercised personal jurisdiction over the parties unless the Alabama court found that Virginia was "a more appropriate forum."
Analogous to this situation is the one discussed in I.F.R. v. N.F.B., 825 So.2d 845 (Ala.Civ.App.2001). In that opinion, this court noted that the child in that case had resided in Alabama for six months preceding the commencement of the custody action *176 and that at the time of the filing of that action there was no pending action in any other state. 825 So.2d at 850. Similarly, in this case, the Alabama court specifically determined that it was the proper forum because Alabama was the home state of the child when the father initiated his action, which occurred before the mother had established residency in another state under the UCCJEA. Based upon those facts, we conclude that the Alabama court could properly deny the mother's motion to dismiss the father's action despite the fact that the mother had filed a similar action in Virginia immediately after establishing residency in that state. We conclude that because Alabama was the child's home state pursuant to § 30-3B-201(a)(1), the trial court did not err when it determined custody of the child.[3] Although the appellate courts of Alabama have not been previously presented with exactly this specific statutory question, other states addressing similar jurisdictional conflicts arising under their versions of the UCCJEA have drawn essentially the same conclusions that we do here. See, e.g., Fisher v. Belcher, 269 Mich.App. 247, 713 N.W.2d 6 (2005), and In re J.S., 175 S.W.3d 526 (Tex.App.2005).
Additionally, although we conclude that because the father filed a complaint seeking a divorce from the mother and custody of the child during a period when the mother had not established residency in Virginia, he properly invoked the jurisdiction of the child's home state at that time, our conclusion is not meant to preclude any subsequent determination, pursuant to § 30-3B-206(b), that another state could be a proper forum for making a subsequent determination regarding child custody and child support. We only conclude that, in this case, the Alabama court did not err when it continued to exercise jurisdiction over the parties after its jurisdiction was properly invoked pursuant to § 30-3B-201(a).
The father's motion for an award of damages and fees pursuant to Rule 38, Ala. R.App. P., is denied.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, J., concur.
MURDOCK, J., concurs in the result, with writing.
BRYAN, J., concurs in the result, without writing.
MURDOCK, Judge, concurring in the result.
Although I concur in the result reached by the main opinion, I respectfully disagree with the analysis provided therein. Most fundamentally, I disagree with the starting premise of the main opinion's analysis, namely, that Alabama is the "home state" of the child.
Section 30-3B-102(7), Ala.Code 1975, defines the "home state" as
"[t]he state in which the child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned."
In this case, the child was born on April 8, 2003, in Alabama. Three weeks after the child's birth, the mother moved with the child to Virginia. On October 12, 2003, after the child attained six months of age, but before the child had lived with the *177 mother in Virginia for six consecutive months, the father filed a divorce action in Alabama. Thus, with respect to the child-custody proceeding commenced in Alabama, the child did not live in Alabama with a parent or a person acting as a parent "for at least six consecutive months immediately before the commencement of [the] child custody proceeding." Therefore, Alabama was not the child's home state under the first sentence of § 30-3B-102(7).
Nor does Alabama qualify as the home state under the second sentence of § 30-3B-102(7). First, the second sentence of § 30-3B-102(7) expressly applies only "[i]n the case of a child less than six months of age." As noted, the child in this case was just over six months of age when the Alabama action was filed. Furthermore, reading the first and second sentences of § 30-3B-102(7) in pari materia, it is apparent that Alabama could be the child's home state under the second sentence of § 30-3B-102(7) only if the child had "lived from birth" in Alabama until "the commencement of a child custody proceeding" in Alabama.
Although Alabama does not constitute the home state of the child for purposes of the Alabama action, Virginia does constitute the "home state" of the child for purposes of the custody proceeding filed by the mother in Virginia on October 29, 2003. The filing date of the Virginia action was six months and one day after the child began living with the mother in Virginia. Thus, the child did live in Virginia, with a parent or a person acting as a parent, "for at least six consecutive months immediately before the commencement of [the] child custody proceeding" in that state.
The fact that Alabama does not qualify as the child's "home state" for purposes of the Alabama action and that Virginia does qualify as the child's "home state" for purposes of the Virginia action, however, is not dispositive of the question whether the Alabama court properly exercised jurisdiction over the Alabama action. This is so because jurisdiction in Alabama can be grounded, under § 30-3B-201(a)(2)-(4), Ala.Code 1975, on bases other than Alabama being the "home state" of the child. Assuming the Alabama court has jurisdiction of the Alabama action under one of these other statutory bases, and given the fact as discussed above that the Virginia court has jurisdiction over the Virginia action, the competition for jurisdiction over the custody dispute must be resolved under § 30-3B-206(b), Ala.Code 1975. Under § 30-3B-206, the Alabama court is required to dismiss the Alabama action and defer to the proceedings in the other state only if the Alabama court determines "that a child custody proceeding has been commenced in a court in another state" prior to the commencement of the Alabama action (and the court in the other state has jurisdiction substantially in accordance with the UCCJEA). Ala.Code 1975, § 30-3B-206; see also Official Comment, Ala.Code 1975, § 30-3B-206 ("Under this Act, the simultaneous proceedings problem will arise only when there is no home state, no state with exclusive continuing jurisdiction and more than one significant connection state. For those cases, this section retains the `first in time' rule of the UCCJA [Uniform Child Custody Jurisdiction Act].").
Accordingly, I now turn to the question whether the above-stated assumption that the Alabama court has jurisdiction of the Alabama action under one of the statutory bases stated in § 30-3B-201(a)(2)-(4)is correct. Of the other bases provided within these subsections, I find § 30-3B-201(a)(2) to be dispositive, and I conclude that the Alabama court has jurisdiction. *178 That section is applicable when, among other things, "[a] court of another state does not have jurisdiction under [§ 30-3B-201(a)](1)." This condition is satisfied in the present case because in order to satisfy the requirement under subdivision (1), Virginia would have had to have been the "home state" of the child on the date of the "commencement of the proceeding" in Alabama.[4] As noted above, it was not. In other words, no other state qualified as a "home state" for the child as of the date of the commencement of the Alabama proceeding. The other conditions that must be met for jurisdiction under § 30-3B-201(a)(2) are (a) that the child and at least one parent, or person acting as a parent, have a significant connection with this state other than mere physical presence and (b) that substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. Although it is a close question, I conclude that these requirements are satisfied under the facts of the present case, and I therefore conclude that the Alabama court properly had and exercised jurisdiction over the custody proceeding filed in Alabama. Accordingly, I concur in the result reached by the main opinion.
NOTES
[1] For a discussion of similar provisions in the Uniform Child Custody Jurisdiction Act, the predecessor of the UCCJEA, see Krier v. Krier, 676 So.2d 1335 (Ala.Civ.App.1996).
[2] Alabama was the home state of the child within six months before the commencement of the proceeding; the child was absent from this state, but a parent was still residing in Alabama at the time the action was filed.
[3] For a discussion of the proper application of similar jurisdictional provisions of the Parental Kidnapping Prevention Act, see Patrick v. Williams, 952 So.2d 1131 (Ala.Civ.App.2006).
[4] The Alabama court's jurisdiction over the custody proceeding filed in Alabama is determined as of the date of that filing. See J.B. v. A.B., 888 So.2d 528, 531 (Ala.Civ.App.2004) (discussing the time of the commencement of the action in Alabama as the pertinent date to determine whether the Alabama trial court has jurisdiction under § 30-3B-201); see also, e.g., In re B.A.B., 124 S.W.3d 417, 419 (Tex.App.2004) ("[T]he date for determining whether a Texas court has jurisdiction to make an initial determination [under the UCCJEA] is the date of commencement of the proceeding in Texas.").