Douglas B. ROBERTSON, Appellant,

v.

Cher L. RIPLETT, Appellee.

No. S–12800.

Supreme Court of Alaska.

Oct. 24, 2008.

Douglas B. Robertson, Beavercreek, Ohio, pro se.

David W. Baranow, Law Offices of David Baranow, Anchorage, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

After registering Ohio child custody orders in Alaska where his children and former wife were then living, a father asked the Alaska court to modify an Ohio order that suspended his visitation rights. The superior court denied his motion. The father appeals. We affirm. Because the Ohio court has not relinquished its exclusive jurisdiction and because the father still resides in Ohio, AS 25.30.320, part of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), denied the superior court jurisdiction to modify the Ohio order. The father also challenges a superior court order requiring him to serve and file his 2006 income tax returns. Because his tax returns were relevant to child support, the superior court did not abuse its discretion in ordering their production.

## II. FACTS AND PROCEEDINGS

Douglas Robertson and Cher Riplett married in July 1994 and divorced in August 2001 in Ohio. They have a son, born in January 1995, and a daughter, born in January 1997. As part of the Ohio divorce proceedings, Robertson and Riplett entered into a shared parenting plan that, among other things, provided that Riplett's residence would be the children's primary residence and that Robertson would have visitation on alternating weekends and at least one evening each week.

Riplett later filed a motion in the Common Pleas Court of Clark County, Ohio to restrict or terminate Robertson's visitation. An evidentiary hearing was held and Riplett's motion was granted. The presiding magistrate suspended Robertson's visitation and ordered him to undergo a psychological assessment and attend and complete an anger management program before petitioning the court to reinstate his visitation.

But because Robertson had not received proper notice of the initial hearing, Common Pleas Court Judge Thomas J. Capper held a two-day supplemental evidentiary hearing and conducted a best-interests-of-the-child analysis under subsection 3109.051(D) of the Ohio Revised Code. Judge Capper ultimately found in his February 19, 2003 order that "Mr. Robertson has had no visitations or parenting time with the parties' children for approximately eight months and the totality

of the credible evidence suggests that the children's overall development has dramatically improved during this period of time." Judge Capper suspended Robertson's visitation rights. He also ordered Robertson to complete a psychological assessment and attend follow-up counseling, if recommended, and to complete an anger management program before petitioning the court to reinstate his visitation rights.

Approximately one month after Judge Capper suspended Robertson's visitation rights, Robertson filed a motion asking the Ohio court to lift all restrictions on his visitation.

Approximately three months later, Riplett, her present husband, and the children moved to Alaska when Riplett was assigned here by the U.S. Air Force.

Judge Capper conducted an evidentiary hearing in January 2004 on Robertson's pending motion to lift visitation restrictions. Judge Capper again considered the best interests factors and determined in his order of February 24, 2004 that Robertson had presented "no credible evidence to suggest that [he had] taken any positive steps to address the concerns set forth in [the] Court's February 19, 2003 Order." After determining that two of Robertson's witnesses were not credible, Judge Capper concluded that "it seems only fair for [the] Court to afford Mr. Robertson the opportunity to be professionally evaluated by specific qualified professionals selected by [the] Court." Judge Capper's February 24, 2004 order: (1) appointed an Ohio attorney as guardian ad litem (GAL) for the children, and required Robertson to pay all resulting costs, including $1,000 as an initial deposit cost by April 15; (2) ordered Robertson, Riplett, and the children to submit to psychological evaluations by an Ohio psychologist, and required Robertson to pay all associated costs; and (3) ordered Robertson and Riplett to submit to an anger management assessment by an Ohio clinical psychologist at Robertson's expense. The order also stated that Robertson's appointments to facilitate the orders "must take place within a one week period of time in the month of July, 2004" and that the appointment dates had to be provided to Riplett by June 1, 2004.

In early 2007 Robertson filed an affidavit in the superior court in Alaska seeking registration of the Ohio Agreed Judgment Entry and Decree of Divorce and the Ohio Agreed Decree of Shared Parenting. It appears that Robertson attached to his affidavit a child custody jurisdiction affidavit, the Ohio divorce decree, the Ohio order incorporating the parties' shared parenting plan, and the February 2003 and February 2004 Ohio custody and visitation orders. Robertson's child custody jurisdiction affidavit acknowledged that the Ohio court had suspended his visitation.

Riplett initially contested Alaska jurisdiction. The superior court conducted a hearing on Robertson's motion. Riplett withdrew her opposition and consented to registering the Ohio decrees, and the superior court confirmed their registration. Riplett informed the superior court during the hearing that the Air Force would soon transfer her to Mississippi. The superior court ordered Riplett to inform Robertson of any change-of-station orders.

Robertson thereafter filed a superior court motion to change custody, support, or visitation. In support he attached a letter to the court and 2002, 2003, and 2005 character references. Robertson also filed what he called a Motion for Expedited Request of Signature on Release of Claim, seeking to enforce his right under the shared parenting plan to claim the parties' son as his dependent for every year in which Robertson's gross income is less than $29,000. Robertson also filed various other motions, including a motion to sanction Riplett for failing to send Robertson her change-of-station orders and a motion for an order to prevent the children from being removed from Alaska.

The superior court summarily denied Robertson's motions. It denied Robertson's Motion for Expedited Request of Signature on Release of Claim "without prejudice, as being premature," and ordered him to serve and file copies of his 2006 federal and Ohio state income tax returns "in order to permit the proper review of child support collection and charges/obligations." It also ordered Rob-

ertson to "comply with each and every particular" of the February 2003 and February 2004 orders entered by the Ohio court, including the requirements of psychological and anger management assessments and the retention of a GAL, before filing further pleadings seeking modification of visitation. Robertson twice unsuccessfully moved for reconsideration.

Robertson appeals the denial of his modification motion and the order compelling him to provide his tax information for child support review.

## III. DISCUSSION

### A. The Superior Court Did Not Have Jurisdiction To Modify the Ohio Custody Orders.

 We first consider whether the superior court had subject matter jurisdiction to consider Robertson's motion to modify Ohio custody orders. Whether the court had subject matter jurisdiction is a question of law that we review de novo.[1]

When the parties divorced in 2001, the Ohio court provided its initial child custody and visitation determination by incorporating the parties' shared parenting plan into the divorce decree. The Ohio court modified the original order in February 2003 when Judge Capper granted Riplett's motion to suspend Robertson's visitation. In February 2004 the Ohio court again exercised its jurisdiction when it denied Robertson's motion to reinstate visitation.

Alaska courts have limited powers to modify foreign child custody orders. Alaska adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 1998.[2] Alaska Statute 25.30.320, in accordance with the UCCJEA, denies Alaska courts authority to modify child custody decrees of another state unless conditions specified in section .320 are met. Per section .320, the superior court could have modified the Ohio custody or visitation orders only if at least one of two alternative sets of conditions had been met.[3]

First, the superior court would have had jurisdiction in 2007 to modify the Ohio orders if both of the following conditions had been satisfied: Alaska had jurisdiction to make an initial custody determination *and*, per AS 25.30.320(1), the Ohio court either had declined jurisdiction *or* had determined that an Alaska court provided a more convenient forum. The first condition was satisfied because Alaska had jurisdiction to make an initial custody determination.[4] But neither of the alternatives for the second condition was satisfied here: there is no indication in the record that the Ohio court had declined jurisdiction or that it had determined that an Alaska court would be a more convenient forum. Instead, an Ohio statute provides that Ohio courts exercise exclusive continuing jurisdiction over child custody determinations until "the [Ohio] court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."[5]

1. *B.B. v. D.D.*, 18 P.3d 1210, 1212 (Alaska 2001) (holding that superior court had jurisdiction under Alaska Uniform Child Custody Jurisdiction Act [repealed in 1998 and replaced with Uniform Child Custody Jurisdiction and Enforcement Act] to modify Oregon child custody determination).

2. Ch. 133, § 2, SLA 1998, codified as AS 25.30.300–.910.

3. AS 25.30.320 provides in pertinent part:

[A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under AS 25.30.300(a)(1), (2), or (3) and

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction

under provisions substantially similar to AS 25.30.310 or that a court of this state would be a more convenient forum under provisions substantially similar to AS 25.30.360; or

(2) a court of this state or a court of the other state determines that neither the child, nor a parent, nor a person acting as a parent presently resides in the other state.

4. Had there been no prior Ohio child custody determination, Alaska would have had jurisdiction in 2007 to make an initial determination under AS 25.30.300(a)(1) because Alaska was the children's home state when the Alaska proceeding was commenced (when Robertson moved in superior court to modify visitation).

5. OHIO REV.CODE ANN § 3127.16.

Second, an Alaska court would alternatively have had jurisdiction in 2007 to modify the Ohio order if Alaska had jurisdiction to make an initial custody determination *and,* per AS 25.30.320(2), neither parent nor the children resided in Ohio during the Alaska proceeding. But again, the second condition was not satisfied here because it is undisputed that Robertson still resided in Ohio when the Alaska court ruled on his modification motion and, indeed, that he still resides there. The Ohio court therefore had exclusive continuing jurisdiction over the child custody determinations in this case at all times relevant to this appeal.

That Robertson chose to file suit in Alaska was not sufficient to give the superior court jurisdiction to modify the Ohio custody determinations.[6] "As a court which does not have subject matter jurisdiction is without power to decide a case, this issue cannot be waived."[7]

Although the superior court did not deny Robertson's modification motion on jurisdictional grounds, we "may affirm a judgment on any grounds that the record supports, even if not relied on by the superior court."[8] It is not surprising the superior court did not address whether it had jurisdiction to modify the custody order; Riplett did not raise the issue of jurisdiction below or in her briefing to this court. "Subject matter jurisdiction, however, may be raised at any stage of the litigation and if noticed must be raised by the court if not raised by the parties."[9]

Normally the appellee's failure to raise subject matter jurisdiction would make it desirable for us to order supplemental briefing on the topic. But in this case, the resolution of the subject matter jurisdiction is so self-evident that ordering supplemental briefing would merely delay the resolution of this expedited appeal. The absence of subject matter jurisdiction requires us to affirm the denial of Robertson's modification motion. This makes it unnecessary to consider the merits of Robertson's modification argument.

### B. The Superior Court Did Not Err in Ordering Robertson To Submit His Income Tax Returns.

■■ The superior court ordered Robertson to submit his 2006 income tax returns to Riplett's counsel and file the returns with the court "to permit the proper review of child support collection and charges/obligations." The issue of child support was first raised by Riplett; she argued in opposing Robertson's superior court modification motion that "no proof as to currency of child support has been provided by the father, as is incumbent upon him." We review a superior court's decision regarding child support for abuse of discretion.[10]

---

6. *See Vannatta v. Boulds,* 318 Mont. 472, 81 P.3d 480, 483 (2003) (holding Montana court did not have jurisdiction to modify North Dakota order even though father, who resided in North Dakota, attempted to invoke jurisdiction in Montana).

7. *Wanamaker v. Scott,* 788 P.2d 712, 714 n. 2 (Alaska 1990) (citing *Mundy & Mundy, Inc. v. Adams,* 93 N.M. 534, 602 P.2d 1021, 1024 (1979)).

8. *Snyder v. Am. Legion Spenard Post No. 28,* 119 P.3d 996, 1001 (Alaska 2005); *cf. Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.,* 32 P.3d 346, 351 (Alaska 2001) ("[W]e will consider any matter appearing in the record, even if not passed upon by the superior court, in defense of the judgment. However, we will not consider arguments that were not raised below, unless the issues establish plain error, or the issues (1) do not depend upon new facts, (2) are closely related to other arguments at trial, and (3) could have been gleaned from the pleadings." (internal citations omitted)).

9. *Stone v. Stone,* 647 P.2d 582, 584 n. 1 (Alaska 1982) (citing *O'Link v. O'Link,* 632 P.2d 225, 226 n. 2 (Alaska 1981)); *see* Alaska R. Civ. P. 12(h)(3). Under the corresponding federal rule, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see Rice v. Rice Found.,* 610 F.2d 471, 474 (7th Cir.1979) ("[A] federal court, including a court of appeals, must raise the issue of subject matter jurisdiction on its own motion where the parties fail to bring it to the court's attention."); *see also State, Dep't of Fin. & Admin. v. Tedder,* 326 Ark. 495, 932 S.W.2d 755, 756 (1996) (noting that state supreme court can raise issue of subject matter jurisdiction on its own motion).

10. *Bennett v. Bennett,* 6 P.3d 724, 726 (Alaska 2000) (holding that superior court's retroactive child support award to father was abuse of discretion because, although father was court-designated custodial parent, mother had de facto custody).

Robertson first argues that the superior court erred in entering the order because he contends that the support order has not been registered in Alaska. The superior court's April 2007 order confirmed registration of the Ohio decree incorporating the parties' shared parenting plan; the plan also contained the parties' child support agreement. Although Robertson did not separately move to register the support order under AS 25.25.609,[11] the child support order was nonetheless properly registered in Alaska.

Robertson also argues that because he resides in Ohio, the superior court lacked jurisdiction under AS 25.25.613 to order him to submit tax information. Robertson's reliance on AS 25.25.613 is misplaced. That statute states that "[i]f all of the individual parties reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order."[12] But that statute does not require that all parties reside in Alaska to enforce a foreign support order without modification.[13] The superior court did not modify the Ohio support orders. It was authorized to enforce the Ohio support orders, and it did not abuse its discretion in requiring Robertson to provide his tax return as an aid to enforcing his child support obligation.

Robertson further asserts that, per Alaska Civil Rule 90.3, Riplett should be required to submit her income tax information first. It appears that Robertson is referring to Civil Rule 90.3(e)(2), which requires that a party making a written request to another party for documents such as tax returns submit "documentation of his or her annual income for the same period at the time the request is made." This rule "provides an informal method either parent can use, while a support order is in effect, to learn whether there has been a large enough change in the other

parent's income to justify a change in the amount of child support."[14] Civil Rule 90.3(e)(2) is inapplicable here because Riplett did not raise the issue of income tax information in the context of seeking a *modification* in child support. She only sought to *enforce* the Ohio support orders. We therefore hold that Riplett is not required to produce her income tax information.

We accordingly affirm the order requiring Robertson to submit his tax information. We deny Robertson's request that we order Riplett to submit her tax information.

## IV. CONCLUSION

We therefore AFFIRM both the denial of the modification motion and the order requiring Robertson to submit his 2006 income tax information.

MATTHEWS, Justice, not participating.

**11.** AS 25.25.609 provides that "[i]f a party … seeks to modify, or to modify and enforce, a child support order issued in another state but not registered in this state, the party or agency shall register that order in this state in the same manner provided in AS 25.25.601–.608."

**12.** AS 25.25.613(a).

**13.** *See* AS 25.25.601 ("A support order or an income withholding order issued by a tribunal of another state may be registered in this state for enforcement.").

