*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DAWN D. MAYNOR, f/k/a Dawn D. Golden, | ) ) ) | Supreme Court No. S-18931 |
| Appellant, | ) ) | Superior Court No. 3AN-18-07761 CI |
| v. | ) ) | O P I N I O N |
| TIMOTHY B. GOLDEN, | ) ) | No. 7747 – February 14, 2025 |
| Appellee. | ) ) | |

Petition for Review from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Ian Wheeles, Judge.

Appearances: Evan A. Barrickman, Law Office of Evan Barrickman, P.C., Anchorage, for Appellant. C. Nicole Daussin, The Law Office of Nicole Daussin, Inc., Wasilla, for Appellee.

Before: Maassen, Chief Justice, and Borghesan, Henderson, and Pate, Justices. [Carney, Justice, not participating.]

HENDERSON, Justice.

I.    INTRODUCTION

Alaska's codification of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) establishes circumstances in which Alaska state courts have jurisdiction to make initial child custody determinations. Here, two parents sought dissolution of their marriage in Alaska. Although the parents' child had never lived in Alaska, the superior court issued a custody order as part of its dissolution decree. Years

later, the father moved to modify the court's custody order. In response, the mother filed a motion for relief from judgment, arguing that the superior court lacked jurisdiction over child custody when the original decree was entered and that the original custody order was therefore void as a matter of law. The superior court denied the mother's motion, and she filed a petition for review. We granted the petition.

Because we agree that the superior court lacked subject matter jurisdiction to decide child custody when it dissolved the parties' marriage, we conclude it was error for the court to deny the mother's motion for relief from judgment. We REVERSE the denial of the mother's motion and VACATE the original custody order in light of the superior court's lack of jurisdiction.

## II.     FACTS AND PROCEEDINGS

### A.     Original Dissolution And Custody Order

Dawn Maynor and Timothy Golden resided together in Alaska until the Army transferred Timothy to Oklahoma. The couple moved there together, and they were married in Oklahoma on August 1, 2017. The military again transferred Timothy in October 2017, this time to Fort Polk in Louisiana. The couple then had a child, born in Louisiana in February 2018.

The couple separated shortly after the child's birth. They filed a petition to dissolve their marriage in the superior court in Alaska and filled out a court-provided dissolution form on May 29, 2018. Both claimed Alaska residency on the dissolution petition, but Dawn and Timothy wrote down mailing addresses in Illinois and Louisiana respectively.

The superior court granted the dissolution in August 2018. Under its agreed-upon custody order, Dawn would have primary physical custody of the child, and the parties were to share legal custody. Timothy would have visitation with the child as his work schedule permitted, and Dawn would pay for the child's travel expenses to visit Timothy on certain holidays and during winter break.

Timothy separated from the military and moved back to Alaska in November 2019. At the time the petition for dissolution was filed, Dawn and the child still lived in Illinois.

## B. Timothy's Motion To Modify And Dawn's Motion For Relief From Judgment

In September 2023 Timothy filed a motion in the superior court to modify the parties' custody arrangement. He requested joint physical custody of the child, arguing circumstances had changed because he was now a civilian with a predictable civilian work schedule, the child had reached school age, both Dawn and Timothy had remarried, and Dawn was demonstrating "increasing resistance to fostering an ongoing relationship between [the child] and Timothy." Timothy also requested clarification that the parties' joint legal custody required Dawn to confer with Timothy in making important decisions about the child.

Dawn did not file an opposition to Timothy's motion, but she moved for relief from the 2018 custody order under Alaska Civil Rule 60(b)(4).[1] Dawn argued that the order was void because the court lacked subject matter jurisdiction to decide issues of child custody. She also argued that, even if the Alaska court had jurisdiction to decide child custody at the time of its original decree, Alaska was now an inconvenient forum and the court should decline to further exercise jurisdiction over the custody issue.

Timothy opposed Dawn's motion. He argued that the Alaska court had jurisdiction to enter its original custody order, and in particular that the court's exercise of jurisdiction over custody issues was appropriate because no other state had jurisdiction to decide the child's custody at that time. He also argued that Alaska law provided no basis for vacating the custody order and that Alaska was not an

---

[1] Alaska R. Civ. P. 60(b)(4) permits a court to relieve a party from a final judgment that is void.

inconvenient forum. Dawn replied, again asserting that Alaska courts lacked jurisdiction, both in the first instance and under any notion of "continued" jurisdiction, and that Alaska was an inconvenient forum, given that the child had never lived in the state.

The superior court denied Dawn's motion for Rule 60(b)(4) relief. It noted that both Dawn and Timothy had written in their dissolution petition that they were Alaska residents in May 2018, that Charlotte was born in February 2018, and that the parties again testified that they were both residents of Alaska at the dissolution hearing in August 2018. The court concluded that Dawn and the child's presence outside of Alaska was only a temporary absence from Alaska, and that Alaska was therefore the child's home state "at the time of her birth, when this case was filed, and when custody orders were issued in August 2018." The superior court also concluded that it had continuing exclusive jurisdiction because Timothy now resides in Alaska. It accordingly denied the motion for Rule 60(b)(4) relief.

Dawn filed a petition for review of the superior court's order denying her motion. We granted the petition. Following oral argument, we issued a summary order reversing the superior court's denial of Dawn's motion for relief from judgment, vacating the court's original 2018 custody decision, and remanding for dismissal of the Alaska proceedings. We now detail our reasoning in full.

## III.  STANDARD OF REVIEW

"We review the superior court's decision on a Rule 60(b)(4) motion de novo 'because the validity of a judgment is strictly a question of law.' "[2] The question

---

[2]  *Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013) (quoting *Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 884 (Alaska 2013)).

whether "a court can exercise jurisdiction under the UCCJEA is [also] a question of law, which we review de novo."**[3]**

## IV.   DISCUSSION

This matter requires us to examine whether the superior court had subject matter jurisdiction to make an initial child custody determination under AS 25.30.300 when Timothy and Dawn commenced dissolution proceedings in May 2018.  The superior court concluded that the judgment was not void because Timothy and Dawn stated that they were Alaska residents in their dissolution petition and it deemed the family's time outside of the state to be a "temporary absence" during which their child was effectively also residing in Alaska.  Dawn responds that the superior court failed to undertake the proper analysis under AS 25.30.300, that none of the jurisdictional grounds in that statute were satisfied, that the original custody order is void because the court lacked authority to enter it, and that the court continues to lack jurisdiction to address issues of child custody.  We agree with Dawn, and we therefore reverse the denial of her Rule 60(b)(4) motion and vacate the court's original child custody order.

### A.   Alaska Statute 25.30.300 Provides The Exclusive Bases For Jurisdiction Over An Initial Child Custody Determination.

Alaska has adopted the UCCJEA, which "limits a court's jurisdiction in custody matters to promote uniformity among courts in different states."**[4]**  The statute provides five bases upon which a court may exercise jurisdiction to make an "initial child custody determination" like the one contained within Timothy and Dawn's

---

[3]    *Norris v. Norris*, 345 P.3d 924, 928 (Alaska 2015) (quoting *Steven D. v. Nicole J.*, 308 P.3d 875, 879 (Alaska 2013)).

[4]    *Roman v. Karren*, 641 P.3d 1252, 1256 (Alaska 2020) (citing *Atkins v. Vigil*, 59 P.3d 255, 257 (Alaska 2002)).  The Alaska UCCJEA is codified at AS 25.30.300-.910.

dissolution decree.[5]  Three of these jurisdictional bases require looking to the child's "home state."[6]  Alaska's UCCJEA defines "home state" as:

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months, including any temporary absences of the child or parent or person acting as a parent, immediately before the commencement of a child custody proceeding, except that, in the case of a child who is less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned, including any temporary absences.[7]

Under the first statutory basis, the superior court has jurisdiction if Alaska "[was] the home state of the child on the date of the commencement of the proceeding."[8] Under the second, the superior court has jurisdiction if Alaska "was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to live in this state."[9]  Third, the superior court "may have jurisdiction when no other state has jurisdiction under the first two provisions if the child and at least one parent have a significant connection to the state and substantial evidence relevant to the child's care is located in the state."[10]

---

**5**  *See* AS 25.30.300.  An "initial determination" is "the first child custody determination concerning a particular child." AS 25.30.909(8).

**6**  *See* AS 25.30.300(a).

**7**  AS 25.30.909(7).  The question of which — if any — state is a child's home state "relates to where the child is physically present, not the child's domicile or residence."  LINDA D. ELROD, CHILD CUSTODY PRACTICE & PROCEDURE § 3:8 (2023).

**8**  AS 25.30.300(a)(1).

**9**  AS 25.30.300(a)(2).

**10**  *Roman v. Karren*, 461 P.3d 1252, 1256-57 (Alaska 2020) (citing AS 25.30.300(a)(3)).

The remaining two bases for jurisdiction address custody disputes in which all other states have declined jurisdiction or the child has no home state.[11] The superior court may therein have jurisdiction if "all courts having jurisdiction under the criteria specified in [AS 25.30.300(a)(1)-(3)] have declined to exercise jurisdiction" because Alaska is the more convenient forum or the parties' conduct requires the case be heard in the state.[12] Finally, the superior court may exercise jurisdiction if "no court of another state would have jurisdiction under the criteria specified in [AS 25.30.300(a)(1)-(4)]."[13]

Notably, Alaska's UCCJEA expressly states that these provisions are the "exclusive jurisdictional bases for making a child custody determination by a court of this state."[14] Accordingly, the superior court may make an initial custody determination only if it determines it possesses subject matter jurisdiction under at least one of the five statutory provisions.[15] " '[A] court which does not have subject matter jurisdiction is without power to decide a case.' "[16]

## B. The Superior Court Lacked Subject Matter Jurisdiction To Decide Child Custody.

Dawn argues that the superior court erred when it denied her motion for relief from a void judgment because the superior court lacked subject matter jurisdiction to decide the child's custody in 2018. More specifically, she argues that Alaska has

---

[11]     AS 25.30.300(a)(4) and (a)(5), respectively.

[12]     AS 25.30.300(a)(4).

[13]     AS 25.30.300(a)(5).

[14]     AS 25.30.300(b).

[15]     *See, e.g.*, *Norris v. Norris*, 345 P.3d 924, 931 (Alaska 2015) (discussing jurisdiction under Alaska child custody statutes in terms of subject matter jurisdiction); *see also Berry v. Coulman*, 440 P.3d 264, 269 (Alaska 2019) (same); *Robertson v. Riplett*, 194 P.3d 382, 385-86 (Alaska 2008) (same).

[16]     *Robertson*, 194 P.3d at 386 (quoting *Wanamaker v. Scott*, 788 P.2d 712, 713 n.2 (Alaska 1990)).

never been the child's home state and that, at the time the dissolution petition was filed, Louisiana was the child's "recent home state." She contends that the superior court therefore improperly exercised jurisdiction in 2018 because Louisiana never declined jurisdiction over this custody matter. As we explain below, we agree with Dawn that the superior court did not have subject matter jurisdiction to decide the child's custody in 2018.

Because AS 25.30.300(a) provides the exclusive bases for asserting jurisdiction to initially determine child custody, we analyze each of the five grounds provided in AS 25.30.300(a), beginning with subsection (1). Subsection (1) requires that Alaska be "the home state of the child on the date of the commencement of the proceeding."[17] The parties do not dispute the fact that the child had never lived in or even been to Alaska as of May 2018, when the parties filed their dissolution petition.[18] Given that the child had not resided in Alaska for at least six months or since birth with a parent,[19] the court could not rely on AS 25.30.300(a)(1) as a basis for asserting jurisdiction.

Here, the superior court determined otherwise, appearing to rely upon Alaska's general definition of residency[20] to conclude that Timothy and Dawn had been

---

[17] AS 25.30.300(a)(1).

[18] The relevant date for determining a child's home state for purposes of a child custody determination is the date of commencement of a proceeding in which " 'legal custody, physical custody, or visitation with respect to a child is an issue,' " including divorce or separation proceedings." *Roman v. Karren*, 461 P.3d 1252, 1257 (Alaska 2020) (quoting AS 25.30.909(4)); *see also Atkins v. Vigil*, 59 P.3d 255, 257 (Alaska 2002) ("A child's home state is determined at the time an action commences.").

[19] AS 25.30.909(7).

[20] AS 01.10.055 provides that "[a] person establishes residency in the state by being physically present in the state with the intent to remain in the state indefinitely and to make a home in the state." The statute further explains that "[a] person who establishes residency in the state remains a resident during an absence from the state

temporarily absent from Alaska throughout the child's life and thus that the child was only temporarily absent from Alaska in spite of her never having been in Alaska. But the superior court's conclusion rests on the incorrect assumption that Alaska's general residency provisions, including its accounting for absences from the state, control what it means for a child to live in a state with at least one of her parents for purposes of the UCCJEA. Although these concepts of residency — presence in a state, and absence from a state with intent to return — are certainly related when considered in the two different contexts, we have never applied Alaska's general residency definitions to determine whether a child was temporarily absent from the state for purposes of deciding the child's home state. Indeed, we have indicated that courts should examine the "totality of the circumstances"[21] in analyzing similar questions under Alaska's UCCJEA, looking "to all of the relevant circumstances in order to decide whether an absence was temporary."[22]

We note that a number of other states appear to take a similarly nuanced approach, not relying upon parents' bare statements of residency to infer that a child has been temporarily absent for purposes of establishing home state jurisdiction, but attending to the circumstances surrounding the child's presence in or absence from a particular state or states.[23] And in fact, Elrod's treatise on Child Custody Practice and Procedure observes that, "[a]s a general rule, if the child has never lived in the state, the

---

unless during the absence the person establishes or claims residency in another state, territory, or country, or performs other acts or is absent under circumstances that are inconsistent with the intent . . . to remain a resident of this state."

[21]    *Norris v. Norris*, 345 P.3d 924, 929 n.22 (Alaska 2015).

[22]    *Id.*

[23]    *See* ELROD, *supra* note 7, § 3:8; *see also, e.g.*, *In re Marriage of Sampley*, 347 P.3d 1281, 1286-87 (Mont. 2015); *Carter v. Carter*, 758 N.W.2d 1, 8-9 (Neb. 2008); *Bata v. Konan*, 217 A.3d 774, 783-84 (N.J. 2019); *In re Schwartz & Battini*, 410 P.3d 319, 325-26 (Or. App. 2017); *Garba v. Ndiaye*, 132 A.3d 908, 914-15 (Md. App. 2016); *In re S.M.*, 938 S.W.2d 910, 918 (Mo. App. 1997).

court has no jurisdiction."[24] We need not determine in this case whether there are no circumstances under which Alaska could be a child's home state when that child had never physically been in the state. Here, the agreed-upon facts, including the child having lived her first few months with her parents in Louisiana before moving with her mother to Illinois, and never having been present in Alaska, fail to support the notion that the child was temporarily absent from, and thus residing in, Alaska throughout her life. Under these facts, Alaska was not the child's home state at the time Timothy and Dawn filed their dissolution action.

Having addressed that first potential basis for jurisdiction, we move on to the second statutory basis, under which the superior court may have jurisdiction if Alaska "was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state."[25] As we have just explained, the child's home state was not Alaska when proceedings were initiated, nor had it been in the six months prior because she was born in Louisiana in February 2018 and had not been to Alaska during that period. The superior court therefore could not assert jurisdiction under AS 25.30.300(a)(2).

The next jurisdictional provision, subsection (3), contains several requirements. The first is that there must not be another state court with jurisdiction "under provisions substantially similar" to subsections (1) and (2).[26] In other words, there must not be another state that was the child's home state when proceedings were initiated or within the previous six months. Timothy argues that the child had no home

---

**24** ELROD, *supra* note 7, § 3:8; *see also, e.g.*, *Seekins v. Hamm*, 129 A.3d 940, 942-43 (Me. 2015); *In re J.S.*, 175 S.W.3d 526, 527 (Tex. App. 2005).

**25** AS 25.30.300(a)(2).

**26** AS 25.30.300(a)(3). Alternatively, a court with jurisdiction under such "substantially similar" provisions must have "declined to exercise jurisdiction on the ground that [Alaska] is the more appropriate forum." *See id.*

state because she would not meet Alaska's definition of home state with respect to any state. Dawn argues that Louisiana was the child's recent home state when proceedings commenced, because the child was born in Louisiana, resided there with at least one parent, was less than six months old when the dissolution was filed, and Timothy lived in the state from her birth through the pendency of the couple's dissolution.

We agree with Dawn that Louisiana was the child's home state within six months prior to the parties' filing their dissolution petition. Louisiana's implementation of the UCCJEA relies on a definition of "home state" that is nearly identical to that of Alaska.[27] In relevant part, Louisiana's statute explains that Louisiana is the home state of a child less than six months old if Louisiana is "the state in which the child lived from birth with any [parent or a person acting as a parent]."[28] The child was born in Louisiana in February 2018 and resided there with a parent until approximately May 17, 2018. The child's home state was therefore Louisiana during this period of about three months, until she and her mother moved out of state in mid-May.

The next question that follows from this analysis is whether Louisiana could have exercised jurisdiction under a provision "substantially similar" to subsections (1) or (2). We conclude that it could have done so. Louisiana's own codification of the UCCJEA provides that a court of that state has jurisdiction to make an initial custody determination if "[Louisiana] is the home state of the child . . . within six months before the commencement of the proceeding and the child is absent from [Louisiana] but a parent or a person acting as a parent continues to live in this state."[29] This jurisdictional basis is "substantially similar" to its counterpart at

---

[27]     *See* La. Stat. Ann. § 13:1802(7)(a) (2007).

[28]     *Id.*

[29]     *Id.* § 13:1813(A)(1).

- 11 -                                                    7747

AS 25.30.300(a)(2); indeed, the statutory language is almost identical.[30] Because the child was in Louisiana from her birth in February until mid-May 2018, and the parties filed for dissolution on May 29, 2018, Louisiana had been her home state "within six months before the commencement of the proceeding."[31] And at the time of the commencement of the proceeding, the child was absent from the state — she had moved to Illinois with her mother earlier in May — but "a parent . . . continue[d] to live in [Louisiana]."[32] Timothy lived in Louisiana until he moved back to Alaska in November 2019. Accordingly, Louisiana was "the home state of the child within six months before the commencement of the proceeding and the child [was] absent from [Louisiana] but a parent . . . continue[d] to live in [Louisiana]."[33] Louisiana therefore had recent home state jurisdiction of the child, under a provision "substantially similar" to AS 25.30.300(a)(2).

Because a court of Louisiana *could* have asserted jurisdiction, the statute also requires consideration of whether such a court in fact "declined to exercise jurisdiction" because Alaska was a more appropriate forum.[34] Nothing in the record indicates Louisiana so declined. Therefore, the superior court could not have asserted jurisdiction under subsection (3).

---

**30** *See* AS 25.30.300(a)(2)("[A] court of [Alaska] has jurisdiction to make an initial child custody determination only if . . . (2) [Alaska] was the home state of the child within six months before the commencement of the proceeding and the child is absent from [Alaska] but a parent or person acting as a parent continues to live in this state.").

**31** *See* AS 25.30.300(a)(2).

**32** *See id.*

**33** *Id; cf. Sergeant v. DeRung*, 213 So. 3d 423, 427 (La. App. 2017) (holding that a four-month-old's home state was the state where he had resided with a parent since birth).

**34** AS 25.30.300(a)(3).

We now turn to the final two jurisdictional bases, AS 25.30.300(a)(4) and (5). Subsection (4) requires that any other court that may properly assert jurisdiction has "declined to exercise jurisdiction" because Alaska is "the more appropriate forum."[35] But as just explained, nothing in the record indicates that Louisiana — or any other state, for that matter — declined to exercise jurisdiction. We thus conclude subsection (4) was not a viable jurisdictional ground in this case.

We reach the same conclusion with respect to subsection (5), which permits the superior court to make a custody determination if no other court had jurisdiction under the UCCJEA.[36] Because Louisiana had recent home state jurisdiction, the superior court could not have looked to subsection (5) as a basis for exercising jurisdiction.

Having considered the five jurisdictional bases in Alaska's UCCJEA for initial custody determinations, we conclude that the superior court lacked subject matter jurisdiction to issue its initial custody order in 2018. Given that a judgment rendered by a court lacking subject matter jurisdiction is void,[37] it was error for the court to deny Dawn's Rule 60(b)(4) motion for relief from judgment.

### C. Timothy's Remaining Arguments Are Unpersuasive.

Timothy contends that regardless of the above jurisdictional analysis, the solution cannot be to vacate the original custody order. He first argues that "the UCCJEA does not permit a court to vacate a custody order, leaving none in place." He also urges that vacating the custody order in this case would lead to "an absurd result where Timothy and Dawn are still married." These arguments are unavailing.

Timothy points to no statutory provision for the proposition that the UCCJEA "does not permit" the vacatur of a custody order, citing only to an out-of-state

---

[35] AS 25.30.300(a)(4).

[36] AS 25.30.300(a)(5).

[37] *See Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013).

decision that does not support his argument.[38] Although we take seriously the repercussions of vacating an existing custody order, we cannot discern any basis in either the text of the UCCJEA or relevant precedent for treating a void custody order differently than other types of void judgments.

As to Timothy's suggestion that vacatur of the custody order would result in vacatur of the dissolution decree as a whole, we must disagree. The superior court, as a court of general jurisdiction, has "the power to hear all controversies which may be brought before it . . . except insofar as has been expressly and unequivocally denied by the state's constitution or statutes."[39] While AS 25.30.300 expressly limits the superior court's subject matter jurisdiction to make a child custody determination unless its provisions are satisfied, Timothy points to no authority that would have prohibited the superior court from entering a decree of dissolution without making any custody or visitation ruling.

## V. CONCLUSION

As provided in our previous summary order, the superior court's order denying Dawn's Rule 60(b)(4) motion for relief from judgment is REVERSED, and the court's 2018 custody order is VACATED for lack of subject matter jurisdiction.

---

[38] *See State of New Mexico, ex rel. Child., Youth, & Fams. Dep't v. Donna J.*, 129 P.3d 167 (N.M. App. 2006).

[39] *Siggelkow v. State*, 731 P.2d 57, 61 (Alaska 1987).