Judge Marion F. Edwards, Pro Tempore
While living in New Orleans, Louisiana, Nicole DeRung entered into a relationship with Glen Sergeant and became pregnant in 2015. Ms. DeRung left Louisiana in November 2015 and returned to her home state of Minnesota. Subsequently, Ms. DeRung gave birth to the child in Minnesota on January 3, 2016. With the exception of the two and one-half weeks spent in Louisiana between March 14, 2016, and April 3, 2016, the child has resided exclusively in Minnesota with Ms. DeRung. Mr. Sergeant filed a Rule to Establish Child Custody and Ancillary Matters in conjunction with a Petition for Protection from Abuse, that had previously been filed by Ms. DeRung, in Civil District Court for the Parish of Orleans. Ms. DeRung, prior to her receipt of service of Mr. Sergeant’s rule, filed a Petition to Establish Custody and Parenting Time in the First Judicial District Court for the County of Hennepin, State of Minnesota.[1] Ms. DeRung responded to Mr. Sergeant’s rule by filing a Decli-natory Exception of Lack of Subject Matter Jurisdiction and/or Lis Pendens, and alternative Motion for Transfer and/or Request to Decline Jurisdiction Pursuant to La. R.S. 13:1819, which sought the dismissal of Mr. Sergeant’s rule. The district judge entertained the parties’ respective arguments and denied Ms. DeRung’s exception/motion. The district judge, subsequently, memorialized her ruling by signing a written judgment on October 3, 2016. Ms. DeRung timely sought supervisory review, arguing that the October 3, 2016 is legally erroneous.[2]
I
Having reviewed this matter in light of the factors set out in Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981), we have decided to exercise our discretion and grant supervisory review.[3] Here, there appear to be no factual disputes between the parties with respect to the present *425 controversy.[4] The issue to be decided, moreover, is a question of law. See Williams v. Bestcomp, Inc., 15-761, p. 6 (La.App. 3 Cir. 2/3/16), 185 So.3d 269, 274. Ms. DeRung sets out in her application her not insubstantial argument that the ruling is incorrect. And our reversal of the district judge’s ruling on Ms. DeRung’s Exception of Lack of Subject Matter Jurisdiction would terminate the parties’ custody litigation in Louisiana.[5] Thus, we find it appropriate to grant Ms. DeRung’s writ application and reverse the district court’s October 3, 2016 judgment. We now explain our rationale in more detail.
II
While a district court’s factual findings on review are subject to manifest error, “jurisdiction itself is a question of law subject to de novo review.” Cannizzaro ex rel. State v. American Bankers Ins. Co., 12-1455, p. 3 (La.App. 4 Cir. 7/10/13), 120 So.3d 853, 856 (quoting Winston v. Millaud, 05-0338, p. 5 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 149). On questions of law, the appellate court “gives no special weight to the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record.” Winston, 05-0338, p. 5, 930 So.2d at 150. “Thus, in such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.” Id. The question before us is whether the district court in this matter has subject matter jurisdiction to establish child custody with respect to the parties’ child.
III
Article 2 of the Louisiana Code of Civil Procedure defines subject matter jurisdiction as “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” Article 5, Section 16 of the Louisiana Constitution provides clearly that “a district court shall have original jurisdiction of all civil and criminal matters.” Article 10 A(5) of the Louisiana Code of Civil Procedure indicates, however, that a “Court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions: ... A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state.” Section 1813 A, of Title 13 of the Louisiana Revised Statutes, further clarifies:
A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child’s home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the ef *426 fects of such emergency or disaster was unable to return to this state for an extended period of time.
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
(a) The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.
(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or
(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.
Subsection B to 1813 also indicates that subsection A is “the exclusive jurisdictional basis for making a child custody determination by a court of this state.”
Here, we are called upon to interpret La. R.S. 13:1813. Statutory interpretation necessarily begins with the plain language of the statute itself. See State in Interest of MJ, 14-0622, p. 15 (La.App. 4 Cir. 2/4/15), 160 So.3d 1040, 1050. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature, nor shall the letter of the law be disregarded under the pretext of pursuing its spirit. See La. C.C. Art. 9; La. C.C.P. Art. 5052; La. R.S. 1:4. The plain meaning of the legislation should be conclusive. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).
A plain reading of Section 1813 A indicates clearly that a Louisiana court has jurisdiction to make an initial child custody determination only if four factors are present. Here, Mr. Sergeant cannot satisfy the first factor, which compels a finding that Louisiana is, or was, one of the child’s home states. According to Section 1813 A(l) a court may consider Louisiana to be a child’s home state provided: 1) Louisiana is the child’s home state on the date the custody matter commenced; or, 2) was the home state of the child within six months of the commencement, in the event the child is no longer present in Louisiana, provided one of the child’s parents continues to live in the state; or, 3) had been the child’s home state for twelve months prior to commencement but was forced to leave the state because of an emergency or disaster as defined by the statute. Additionally, Section 1802 of Title 13 of the Louisiana Revised Statutes defines “Home State” accordingly:
(7)(a) “Home state” means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.
The child in this case was born on January 3, 2016, in Minnesota and has resided there with Ms. DeRung almost continuously since. In fact, aside from the fleeting *427 two and one-half week period spanning March 14, 2016, to April 3, 2016, there is no indication in the record that the child has left Minnesota at any time since birth. Mr. Sergeant filed his rule to establish child custody on April 8, 2016, when the child was barely four months old. Therefore, according to the clear terms of La. R.S. 13:1802(7)(a) the child’s home state is Minnesota. And given that there is no indication that the Minnesota court has declined jurisdiction over the issue of the child’s custody in accordance with subsections A(2) or A(3), it is clear that the district court here does not have subject matter jurisdiction under A(l) to address the custody issue.
The district judge, accordingly, erred when she denied Ms. DeRung’s exception of lack of subject matter jurisdiction. Because we reverse the district judge’s ruling with respect to Ms. DeRung’s exception of lack of subject matter jurisdiction, and dismiss Mr. Sergeant’s rule to establish custody, we pretermit discussion of Ms. DeR-ung’s remaining assignments of error.
DECREE
We exercise our discretion and grant Nicole DeRung’s Application for Supervisory Writs. In light of the district judge’s legal error, we reverse that portion of her October 3, 2016 judgment that denied Ms. DeRung’s exception of lack of subject matter jurisdiction. We, accordingly, grant the exception and dismiss with prejudice Glen Sergeant’s rule to establish child custody and ancillary matters.
WRIT GRANTED; JUDGMENT REVERSED; RULE TO ESTABLISH CHILD CUSTODY AND ANCILLARY MATTERS DISMISSED

. Ms. DeRung’s writ application contains a Petition to Establish Custody and Parenting Time that was filed in the Minnesota District Court on April 28, 2016, wherein she prays for an award of sole custody of the child, the establishment of a parenting time schedule, and an award of child support payments. It also appears that the Minnesota District Court has already held two case management conferences. Mr. Sergeant appeared and participated via telephone in the May 26, 2016 conference. The record does not indicate the current status of the Minnesota proceedings.

. Ms. DeRung’s exception/motion also sought an award of sanctions pursuant to La. C.C.P. Art. 863, as well as an award of costs and fees in accordance with La. R.S. 13:1834. The district judge denied these requests. Ms. DeRung, however, does not assign as error this portion of the October 3, 2016 judgment and we decline to discuss it any further. See, e.g., Tsegaye v. City of New Orleans, 13-1412, p. 9 (La.App. 4 Cir. 4/16/14), 140 So.3d 202, 208.

.See Herlitz, 396 So.2d at 878 ("When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.”); Whitney Nat. Bank v. Rockwell, 94-3049, p. 6 (La. 10/16/95), 661 So.2d 1325, 1329 n. 3; Gerrets v. Gerrets, 06-0087, p. 4 (La.App. 4 Cir. 1/10/07), 948 So.2d 343, 346. See also Tsegaye v. City of New Orleans, 15-0676, p. 7 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 711 n. 4 ("We have previously suggested that an intermediate appellate court, when confronted with the confluence of Herlitz factors in an application for the exercise of its discretionary supervisory jurisdiction, may abuse its discretion when it fails to exercise its supervisory jurisdiction to review the application.”).

. We invited Mr. Sergeant to file an opposition memorandum to Ms. DeRung's writ application by order dated November 30, 2016. Mr. Sergeant, however, filed no memorandum of any kind in response to our Order.

. The record before us does not indicate the status of Ms. DeRung’s petition for protection from abuse.