Alice Grooms, LAW OFFICE OF ALICE J. GROOMS, LLC, One Galleria Boulevard, Suite 1900, Metairie, LA 70001, COUNSEL FOR DEFENDANT/RELATOR
Stephen Rue, STEPHEN RUE 7ASSOCIATES, LLC, 3309 Williams Boulevard, Kenner, LA 70065, COUNSEL FOR PLAINTIFF/RESPONDENT
(Court composed of Judge Daniel L. Dysart, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins )
Judge Regina Bartholomew-Woods *193 Relator, Kristi Skidmore ("Relator"), seeks expedited supervisory review of the trial court's ruling denying Relator's exceptions of lack of subject matter jurisdiction and forum non-conveniens. For the reasons that follow, we find that the trial court erred in denying Relator's exceptions of lack of subject matter jurisdiction and forum non-conveniens. Accordingly, we grant Relator's writ, and reverse the ruling of the trial court.
Factual and Procedural Background
J. B.[1] , the minor child in the above-captioned matter, was born on July 5, 2010, in Georgia to Relator and Respondent, Jamal Burds, Sr. ("Respondent"). Except for a period of time between October 2011 and June 2012, Relator and the minor child have continuously lived in Georgia. On July 19, 2012, the trial court issued an Interim Order regarding the physical custody of the child; Relator was named domiciliary parent.[2]
In September 2018, Relator filed for child support of the minor child through the State of Georgia's Office of Support Enforcement. On December 22, 2018, the minor child arrived in Louisiana for a scheduled holiday visit with Respondent. Relator asserts that she received, via U.S. mail, a "Petition for Ex Parte Order for Temporary Custody Pursuant to Louisiana Code of Civil Procedure Article 3945."[3] On January 14, 2019, Relator received, via FedEx, a duplicate pleading and a hearing set for January 24, 2019. On January 22, 2019, Relator received, via service by a deputy, pleadings that she had not previously received, which included a hearing set for January 31, 2019. On January 3, 2019, the trial court denied Respondent's ex parte order of temporary custody, and set a contradictory hearing on the custody of the minor child. The trial court's denial of Respondent's ex parte order signals that the trial court did not find the minor child would suffer irreparable harm; therefore, this matter will now proceed as a regular (non-emergent) custody matter, which is currently set for April 4, 2019.
In response to the contradictory hearing, Relator filed exceptions of lack of subject matter jurisdiction and forum non-conveniens. After a hearing on February 19, 2019, the trial court denied Relator's exceptions of lack of subject matter jurisdiction and forum non-conveniens.
*194 Further, the trial court set the custody matter for April 4, 2019.
It is from that ruling that Relator filed the instant application for expedited consideration of supervisory review.
Jurisdiction
Jurisdiction is a question of law and therefore is subject to de novo review. Sergeant v. DeRung , 2016-1203, p.3 (La. App. 4 Cir. 3/8/17), 213 So.3d 423, 425. When reviewing questions of law, appellate courts afford "no special weight to the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record." Winston v. Millaud , 2005-0338, p. 5 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 150. Accordingly, "appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect." Id.
This Court has explained that La. C.C.P. art. 2 defines subject matter jurisdiction as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." Sergeant v. DeRung , 2016-1203, p. 4 (La. App. 4 Cir. 3/8/17), 213 So.3d 423, 425. This Court further explained that, pursuant to La. C.C.P. art. 10 A(5), a court has jurisdiction in "[a] proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state." Id. In determining jurisdiction in the context of child custody, we look to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which has been codified as La. R.S. 13:1801, et seq. Pursuant to La. R.S. 13:1813(A) :
A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820, and
(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or
(4) No court of any other state would have jurisdiction under the criteria *195 specified in Paragraph (1), (2), or (3) of this Subsection.
"Before a court can even address [custody] issues, it must first determine if it has jurisdiction to do so." Baxter v. Baxter, 2015-0085, p. 15 (La. App. 4 Cir. 6/24/15), 171 So.3d 1159, 1168, citing Melinda H. Eizten, et al., Family Law: Parent and Child, 56 SMU L.Rev. 1707, 1730 (2003). The "home state of the child" is defined in La. R.S. 13:1802 7(A), in pertinent part, as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." In her application for expedited supervisory review, Relator asserts that the minor child was born in Georgia and has resided in Georgia consistently for six and one-half years with Relator, the domiciliary parent. Further, the minor child resided, uninterrupted, in Georgia for six and one-half years prior to the filing of Respondent's petition for ex parte order of temporary custody. Therefore, Georgia is the minor child's home state.
The trial court erroneously reasoned that the 2012 Interim Order established exclusive, continuing jurisdiction. However, a temporary, interim Order is not an "initial determination of custody" as contemplated under the UCCJEA, because it is not a considered decree, a consent judgment or a final judgment. Further, there is no indication that the trial court considered the "best interests of the child" when rendering the interim Order, which is legally necessary in making custody determinations in Louisiana.[4] See O'Neal v. Addis, 52-377, pp. 8-9 (La. App. 2 Cir. 9/26/18), 256 So.3d 493, 499 stating that "the court must consider all relevant factors in determining the best interest of the child when making a child custody determination." This court has stated that the "[a]pplication of the best interest of the child standard-codified in La. C.C. arts. 131 and 134 -requires a fact intensive inquiry requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented." Lewis v. Lewis, 2018-0378, p. 3 (La. App. 4 Cir. 10/3/18), 255 So.3d 1216, 1219. Notwithstanding the interim Order and due to the aforementioned jurisprudential authorities, we find that under the UCCJEA jurisdiction is not proper in Louisiana, because jurisdiction was never divested from Georgia, the state where the minor had resided uninterrupted for six months prior to the filing of the instant verified petition.
Forum Non-Conveniens
In the context of child custody, La. R.S. 13:1819 provides:
A. A court of this state which has jurisdiction under this Act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.
B. Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit *196 information and shall consider all relevant factors, including:
(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.
(2) The length of time the child has resided outside this state.
(3) The distance between the court in this state and the court in the state that would assume jurisdiction.
(4) The relative financial circumstances of the parties.
(5) Any agreement of the parties as to which state should assume jurisdiction.
(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
(8) The familiarity of the court of each state with the facts and issues in the pending litigation.
C. If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.
D. A court of this state may decline to exercise its jurisdiction under this Act if a child custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.
In Wootton v. Wootton , 49,00, p. 1 (La. App. 2 Cir. 5/14/14), 138 So.3d 1253, 1254, the Second Circuit looked to Tabuchi v. Lingo , 588 So.2d 795 (La. Ct. App.1991) in which a father filed for custody of the minor child once the minor child arrived in Louisiana to visit the father. Wotton , 49, 001, 138 So.3d at 1260. The trial court denied the mother's exceptions of lack of subject matter jurisdiction and forum non-conveniens. Id. On appeal, the appellate court reversed the trial court's rulings denying the mother's exceptions, and found that because the minor child had lived in Missouri for six years, home state jurisdiction was no longer vested in Louisiana; further, Missouri had the most significant connection with the minor child. Id. Similarly, in the instant matter, at the time the petition for custody was filed with the district court, the minor child had lived in Georgia for six and one-half years. Accordingly, Georgia is the minor child's home state, has the most significant connections with the minor child, and is the most convenient forum to litigate the custody of the minor child.
CONCLUSION
For the aforementioned reasons, we find that the trial court erred in denying Relator's exceptions of lack of subject matter jurisdiction and forum non-conveniens. Accordingly, the writ is GRANTED , and the ruling of the trial court is REVERSED .
WRIT GRANTED; REVERSED

In this opinion, the initials, rather than the full name, of the minor child are used to protect and maintain the privacy of the minor child involved in this proceeding. See Uniform Rules, Courts of Appeal, Rule 5-1 and Rule 5-2.

The Interim Order did not address the best interest of the child factors pursuant to La. C.C.P. art. 134.

The record reflects that Respondent filed his petition on December 28, 2018.

A 2012 revision comment to La. R.S. 9:355.16 provides that "[i]n an initial custody determination, the court will generally consider the factors concerning best interest of the child set out in Civil Code Art. 134."