IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

Donna J. Peace, *Petitioner/Appellee,*

*v.*

Edward D. Peace, *Respondent/Appellant.*

No. 1 CA-CV 13-0150
FILED 5-8-2014

Appeal from the Superior Court in Navajo County
No. S0900D020070343
The Honorable Ralph Hatch, Judge

**AFFIRMED IN PART, REVERSED IN PART**

COUNSEL

Edward D. Peace, Sr., Pinetop
*Respondent/Appellant*

OPINION

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

¶1          Edward D. Peace, Sr. ("Husband") seeks review, *inter alia*, of a family court order and subsequent civil judgment finding him in contempt of court for misappropriating his children's Social Security

benefits. Husband has raised other issues that do not meet criteria for publication, which we address in a separate, contemporaneously filed memorandum decision. *See* Ariz. R. Sup.Ct. 111(b), (h) (West 2014).[1] Because we conclude federal law preempts the family court's authority to review Husband's use of his children's Social Security benefits, we reverse that portion of the family court's order finding Husband in contempt and vacate that portion of the civil judgment related to the misappropriated benefits. Otherwise, we affirm the order and judgment in all other respects.

## FACTS AND PROCEDURAL HISTORY

**¶2** In July 2007, Donna J. Peace ("Wife") filed a petition for dissolution of marriage, seeking physical custody of the parties' four children and an award of child support. In August 2009, the family court entered a signed decree of dissolution addressing the division of the parties' assets and liabilities, child support and custody, and spousal maintenance. This court affirmed the family court decree in *Peace v. Peace*, 1 CA-CV 09-0668, 2011 WL 192896 (Ariz. App. Jan. 20, 2011) (mem. decision).

**¶3** In June 2012, Wife filed petitions to modify parenting time and for contempt. In her petition for contempt, Wife alleged Husband was delinquent in satisfying court ordered child support arrearages, costs, and attorneys' fees; relevant to this appeal, Wife also alleged Husband had misappropriated Social Security benefits owed to the children.[2] After taking evidence, the family court found Husband in contempt, in part because Husband "misappropriated" his children's Social Security benefits from June 2009 to March 2010 by spending those funds at his discretion while Wife had sole legal custody of the children. The court's signed order converted the amount of "misappropriated" Social Security benefits into a civil judgment.

---

[1]     We cite the current Westlaw version of the applicable statutes, regulations, and rules, because no revisions material to this decision have since occurred.

[2]     The children receive a monthly benefit of $362 each as a result of Husband's application for and receipt of early Social Security benefits. From June 2009 until March 2010, Husband was designated by the Social Security Administration as a "representative payee," authorized to receive these payments on behalf of the children.

¶4          Husband filed a timely notice of appeal.  As addressed in this opinion, Husband challenges that portion of the family court's order finding him in contempt of court.  A finding of civil contempt is not appealable.  *See, e.g., Berry v. Superior Court*, 163 Ariz. 507, 508, 788 P.2d 1258, 1259 (App. 1989) ("The rule is well established that civil contempt adjudications are not appealable.").  In the exercise of our discretion, however, we elect to treat Husband's appeal from the family court's contempt order as a petition for special action and accept special action jurisdiction.  *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18, 66 P.3d 70, 73 (App. 2003); Ariz. Rev. Stat. ("A.R.S.") § 12-120.21(A)(4).

## ANALYSIS

¶5          Husband argues the family court erred in finding he misappropriated and converted the children's Social Security benefits from June 2009 to March 2010.  During this time, Wife had sole legal custody of the children, and the family court apparently determined Wife should have been the designated representative payee entitled to receive the children's Social Security benefits.

¶6          Under Title 20, Code of Federal Regulations, Section 404.2035(a):

> A representative payee has a responsibility to—
>
> (a) Use the benefits received on [the beneficiary's] behalf only for [the beneficiary's] use and benefit in a manner and for the purposes he or she determines, under the guidelines in this subpart, to be in [the beneficiary's] best interests[.]

Husband argues that, as a representative payee pursuant to 20 C.F.R. § 404.2035(a), he had absolute and unreviewable discretion to allocate the children's Social Security benefits as he deemed in their best interests from June 2009 to March 2010, irrespective of the legal effect of Wife's sole legal custody of the children at that time.

¶7          Husband's argument requires us to decide whether federal law preempts a state court from reviewing a representative payee's use of Social Security funds.  "State law is preempted by federal law . . . when state law regulates conduct in a field Congress intended the federal government to occupy exclusively . . . ."  *Hutto v. Francisco*, 210 Ariz. 88, 90, ¶ 7, 107 P.3d 934, 936 (App. 2005) (citations omitted).

¶8        State courts "are divided on whether the doctrine of federal preemption precludes state courts from exercising jurisdiction to direct a representative payee's disposition of derivative Social Security funds." *LaMothe v. LeBlanc*, 193 Vt. 399, 425-26, ¶ 66-67, 70 A.3d 977, 995-96 (2013) (Dooley, J. concurring in part, dissenting in part) (collecting cases). However, Congress and the Social Security Administration ("SSA") have enacted extensive oversight mechanisms regarding the use of these federal funds, indicating congressional intent to occupy the field. *See, e.g.*, 42 U.S.C. § 408(a)(5) ("Whoever . . . having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person . . . shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both."); 42 U.S.C. § 405(j)(3)(A) ("[T]he Commissioner of Social Security shall establish a system of accountability monitoring whereby [a representative payee] shall report not less often than annually with respect to the use of such payments."); 20 C.F.R. § 404.2065 (explaining record keeping requirement of representative payee); 20 C.F.R. § 404.2025 (explaining ability of the SSA to stop sending benefit payments to representative payee for non-compliance). As the West Virginia Supreme Court has noted:

> It is clear from the U.S.C. and the C.F.R. that the SSA is in the proper position to address [mismanagement of funds], either administratively or by referral to the appropriate authorities for prosecution under United States Code. The [state] court lacks jurisdiction to order that the funds be returned, or to mandate where they are to be distributed.

*In re Haylea G*, 745 S.E.2d 532, 539 (W. Va. 2013); *see also In re Ryan W.*, 76 A.3d 1049, 1059 (Md. 2013) ("[S]uch disputes are for resolution within the federal administrative process and subject to further federal judicial review.").

¶9        We conclude the family court lacked jurisdiction to review Husband's management of derivative Social Security benefits, to find Husband in contempt concerning the use of such funds, or to enter a civil judgment in favor of Wife on that basis. Because federal law occupies the field, a family court is preempted from reviewing the actions of a representative payee.

**CONCLUSION**

**¶10** We reverse the family court's order as it pertains to Husband's use of his children's Social Security benefits from June 2009 to March 2010, and vacate the related entry of judgment in the amount of $13,000 plus accruing interest.



Ruth A. Willingham · Clerk of the Court
FILED: MJT