NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RONALD UTHE, *Petitioner/Appellant*,

*v.*

MINDY UTHE, *Respondent/Appellee*.

No. 1 CA-CV 18-0021 FC
FILED 10-25-2018

Appeal from the Superior Court in Maricopa County
No. FC2014-096220
The Honorable Justin Beresky, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED IN PART**

COUNSEL

Ronald Uthe, Phoenix
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1        Ronald Uthe ("Father") appeals a superior court order granting Mindy Uthe ("Mother") her attorneys' fees and denying his petition to modify parenting time, legal decision-making, and physical custody pursuant to their 2015 divorce decree.  He also seeks appellate review of a superior court order finding him in contempt for failing to make payments toward a community debt allocated to him in the divorce decree.  For the following reasons, we affirm the court's denial of Father's petition concerning parenting time, legal decision-making, and physical custody, and the award of attorneys' fees in favor of Mother.  We also affirm the order applying the estimated value of Father's separate property as a credit to his share of outstanding community debts.  We exercise special action jurisdiction and vacate the contempt citation.  On remand, the superior court should calculate Father's portion of the 401(k) retirement account ("401(k)") and apply it to his past due child support and tax debt in accordance with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties married on March 9, 2004.  During their marriage, the couple had two children.  On November 3, 2014, Father filed a petition for dissolution of the marriage, and the superior court signed a decree of dissolution on November 24, 2015.

¶3        After outlining its "best interest findings" in the divorce decree pursuant to Arizona Revised Statutes ("A.R.S.") section 25-403(A), the court designated Mother as the primary residential parent.  Both parents were to share joint legal decision-making authority with Mother having final decision-making authority. In addition to creating a parenting-time schedule, the court ordered both Father and Mother to take a high conflict parenting class.  The court further ordered Father to establish a permanent residence suitable to have the children stay overnight and to demonstrate a successful completion of at least twelve anger management classes.  The court mandated that Father complete all three requirements before petitioning for a modification of parenting time or legal decision-making.

¶4        The decree also provided for "Division of Property and Debts."  Father was awarded four specific guns, a car, and some furniture as his sole and separate property.  Mother received a car as her sole and separate property.  The court also ordered the parties to sell several remaining guns and a motorcycle in their possession.  The proceeds of the

sale were to be split equally. In addition to awarding Father and Mother their sole and separate property, the court ordered that Mother's 401(k) be split via a qualified domestic relations order ("QDRO").

¶5            As to community debts, the court ordered that each party pay for half of the debt. Included in the community debt was an outstanding balance of approximately $100,000 owed to the Arizona Department of Revenue ("ADOR").[1]   The parties also had credit card debt and an outstanding home equity loan.

¶6            Father appealed the divorce decree. This court found that there was no error in the superior court's resolution of parenting time, child support, spousal maintenance, and attorneys' fees. This court did find, however, that the superior court erred in not specifying how much each party should receive from the 401(k). On remand, the superior court subsequently ordered that the 401(k) be split evenly. A multitude of post-decree petitions and motions followed Father's appeal.

¶7            In November 2016, Father petitioned the superior court to modify parenting time, legal decision-making, and child support. Mother cross-petitioned the same month to enforce Father's payment of outstanding child support, unreimbursed medical expenses, the ADOR tax debt, and unpaid attorneys' fees. In March 2017, Father petitioned the court to find Mother in contempt of court for refusing to provide receipts for the sale of the guns awarded to him as his sole and separate property. Mother also petitioned the court in March 2017 to enforce parenting time, stating that Father repeatedly took their son out of the state without informing her. The court entered an order in April 2017 finding Father in arrears for past due child support. The court further ordered that the past due child support be deducted from Father's half of the 401(k). The court deferred making a determination as to the other issues for a later date.

¶8            In July 2017, Father filed a motion again requesting a modification of parenting time, legal decision-making, and physical

---

[1]     In September 2014, ADOR filed a complaint against Father and Mother in the tax court seeking to recover unpaid taxes for Father's firearm business. *See State ex rel. Ariz. Dep't of Revenue v. Ariz. Tactical Firearms, LLC,* Maricopa County Superior Court Case No. TX2014-000533 (Tax Sept. 29, 2014). The court entered a default judgment against Mother in February 2015 and one against Father in April 2015.

custody. In August 2017, Father filed a petition requesting the superior court find Mother in contempt of court for failing to divide the 401(k).

¶9 Ultimately, a hearing was held on November 1, 2017, for the various outstanding petitions and motions filed by both parties, and the court took the matter under advisement. In its November 20, 2017 order, the superior court: (1) found Mother in contempt for selling the guns awarded to Father as his sole and separate property and failing to pay him the money; (2) found Mother in contempt for failing to obtain a QDRO to split the 401(k); (3) denied Father's petition to modify parenting time, legal decision-making, and physical custody; (4) found Father in contempt for failing to make payments toward the joint ADOR tax debt; and (5) ordered Father to pay Mother's attorneys' fees. The court estimated that the guns awarded to Father had a value of $10,000. As a part of the contempt sanction against Father, the court ordered that his portion of the 401(k) and the estimated $10,000 owed to him by Mother be applied as a "credit" to the outstanding ADOR tax debt.

¶10 Father timely appealed the November 20, 2017 order. Father argues the superior court erred by: (1) denying his request to modify parenting time, legal decision-making, and physical custody; (2) applying his portion of the 401(k) and the estimated gun proceeds to the ADOR tax debt as a sanction for contempt; and (3) requiring that he pay Mother's attorneys' fees. Mother did not respond to this appeal.[2]

## JURISDICTION

¶11 Although part of this appeal challenges a civil contempt finding, civil contempt orders are not appealable and may only be challenged by special action. *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010). We may, however, exercise our discretion to consider the issue as a special action. *Peace v. Peace*, 234 Ariz. 546, 547, ¶ 4 (App. 2014). We choose to exercise that discretion and accept special action jurisdiction in this matter. We have jurisdiction as to the remaining matters pursuant to A.R.S. § 12-2101(A)(2).

---

[2] This court could consider Mother's failure to file an answering brief as a concession of error; however, in the exercise of our discretion, we consider the merits of the issues raised on appeal. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

**ANALYSIS**

> I. *Modification of Parenting Time, Legal Decision-Making, and Physical Custody*

¶12 Father argues that the superior court unfairly denied his petition to modify parenting time and legal decision-making, and to obtain sole physical custody of his son. We review a court's denial of a request to modify legal decision-making and parenting time for an abuse of discretion. *In re Marriage of Friedman*, 244 Ariz. 111, 120, ¶ 36 (2018). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Id.* (internal quotations and citation omitted).

¶13 When considering the modification of a divorce decree with respect to physical and legal custody, a court must first determine whether there has been a material change in circumstances affecting the welfare of the child. *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982). "Only after [a] court finds a change has occurred does the court reach the question of whether change in custody would be in the child's best interest." *Id.* Here, the superior court determined no substantial change existed that would warrant the modification of the divorce decree. The evidence in the record supports the court's determination.

¶14 Before Father could seek to modify parenting time or legal decision-making authority, the 2015 divorce decree required that Father: (1) establish a permanent residence; (2) demonstrate successful completion of at least twelve anger management classes; and (3) demonstrate successful completion of a high conflict parenting class.

¶15 Father alleged in his petition that he signed a two-year lease on a home in Ahwatukee; however, he did not submit a copy of the lease or any other evidence to support this change in his living arrangements. Father also alleged he finished the required anger management classes, but the certificate of completion he offered did not indicate that he took twelve classes. Father did not submit any other verification showing his completion of twelve classes, such as a letter from his instructor. In addition, Father admitted that he had not completed a high conflict parenting class as required by the divorce decree. Father did not provide any proof that he was even enrolled in such a class—he only submitted a receipt from purchasing a conflict parenting book. Furthermore, the superior court found that Father repeatedly violated the children's parenting schedule, and, on some occasions, Mother had to seek police

intervention to get their son back. On this record, the superior court did not abuse its discretion in denying Father's petition to modify parenting time, legal decision-making, and physical custody. *See Andro v. Andro*, 97 Ariz. 302, 306 (1965) ("[The moving party] has wholly failed to sustain the burden that conditions and circumstances have so changed after the original decree as to require a change of custody for the best interests of the children.").

## II. *Contempt Order*

**¶16** Father next argues the superior court erred in using his share of Mother's 401(k) and the estimated gun sale proceeds as a credit to reduce his shared liability for the ADOR tax debt. Father asserts the court did not have the authority to apply his portion of the 401(k) as a credit to the ADOR tax debt, and the court's estimated value for the revenue received for the sale of his separate property was arbitrary and unsupported by the record.

**¶17** As a preliminary matter, we conclude that the superior court improperly found Father in contempt for failing to pay the ADOR tax debt. The court erroneously stated in its November 2017 order that "Mother is requesting Father be held in [c]ontempt for failure to pay his portion of the tax debt," and the court then found Father in contempt for failing to pay the debt. The record shows Mother did not petition the court to find Father in contempt, but rather to *enforce* Father's payment of the tax debt on November 22, 2016. Mother only requested the court find Father in contempt for his failure to pay child support and failure to abide by the parenting schedule. We therefore vacate the November 20, 2017 order to the extent the court found Father in contempt of court for failing to pay the tax debt. *See Munari v. Hotham*, 217 Ariz. 599, 605, ¶ 25 (App. 2008) ("We review contempt orders for an abuse of the superior court's discretion.").

**¶18** Although the court did not have before it a petition to find Father in contempt concerning the tax debt, it did have the authority to grant Mother's request to enforce the divorce decree as it related to Father's obligations concerning the ADOR tax debt. Therefore, we review whether the superior court abused its discretion in applying Father's portion of the 401(k) and gun proceeds toward the ADOR tax debt as relief for Mother's petition for enforcement. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985) (explaining that the standard of review for an order granting post-judgment relief is abuse of discretion).

### A.    401(k) Proceeds

**¶19**        The record shows the court originally ordered Father to pay half of the joint ADOR tax debt as a part of the 2015 divorce decree's "Division of Property and Debts."  Although Father argued that he had multiple bank accounts garnished by ADOR, he provided no proof of any such garnishments, and he presented no other documentation that he had paid anything toward the tax debt.  Based on the record before it, the superior court ultimately determined that Father had the ability to make payments toward the debt but failed to do so in violation of the divorce decree.  The original tax debt totaled $120,234.45 and Father was required to pay half.  As of the November 2017 hearing, Mother had paid over $31,277.79, and her wages were being garnished in the amount of $336.75 bi-weekly.  On these facts, the court did not abuse its discretion in applying Father's share of the 401(k) to reduce his outstanding liability for the ADOR tax debt.  *See* A.R.S. § 25-318(P) ("If a party fails to comply with an order to pay [community] debts, the court may enter orders transferring property of that spouse to compensate the other party.").

**¶20**        We note that our determination as to Mother's petition to enforce the tax debt does not disturb the court's previous 2017 order requiring Father to pay his outstanding child support from his portion of the 401(k).  Father concedes in his appeal that he still has not paid the outstanding child support, and he offers the 401(k) proceeds to be used to satisfy his past due child support.  Accordingly, on remand, the superior court should calculate Father's share of the 401(k), including any interest that has accrued since the last valuation.  The court should first deduct Father's outstanding child support from his portion of the 401(k) and use any remainder to reduce his share of the ADOR tax debt.

### B.    Gun Sale Proceeds

**¶21**        Father argues the court erred because it offered no explanation before calculating a credit of $10,000 for the four missing guns awarded to him in the divorce decree, and he asserts it is only a small fraction of what he is owed for the guns.  Father argues the four guns were worth $150,000 but presented no documentary proof to support that subjective belief.  The court found that Mother likely sold some, but not all, of the missing guns, and she gave the remainder of the guns to Father's friend, "Keith."  As a separate matter, the court also found that Father violated the divorce decree because he failed to sell a motorcycle in his possession and split the proceeds with Mother, as directed in the decree.  Considering these findings, the court determined the reasonable net value

of the four guns to be $10,000, and that Father should receive a credit in that amount to be applied to Father's portion of the tax debt.

¶22       The superior court did not abuse its discretion in awarding Father a net value of $10,000. Because Father was also in violation of the divorce decree for failing to sell the motorcycle, the court could have offset both Mother and Father's violations and awarded Father nothing. *See Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016) (explaining the superior court may enforce a dissolution decree "in accordance with the original decree, or if such relief will no longer achieve full and complete justice between the parties, it may alternatively make new orders, consistent with the parties' property interests"). Instead, the court granted Father's petition to hold Mother in contempt of court and sanctioned Mother accordingly. The fact that the court awarded Father $10,000 and applied the award as a credit toward the ADOR tax debt was within the court's discretion. *See id.*; *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) ("[T]he family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the family court.").

### III.       *Mother's Award of Attorneys' Fees*

¶23       Father contends the superior court also erred in ordering him to pay $1,750 toward Mother's attorneys' fees. We review the court's award of attorneys' fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004). We will not reverse such an award "if there is any reasonable basis for it." *Id.* (internal citation omitted).

¶24       The superior court awarded Mother attorneys' fees pursuant to A.R.S. § 25-324. The statute allows the court in a dissolution action to order one party to pay the other's attorneys' fees and costs after the court "consider[s] the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). The reasonableness of a party's position must be evaluated by an objective standard. *Paul E. v. Courtney F.*, 244 Ariz. 46, 57, ¶ 35 (App. 2018).

¶25       Here, the superior court found Father's position in the post-decree litigation to be unreasonable. Specifically, the court found that Father unreasonably attempted to collect money from Mother while "completely ignoring his own financial obligations toward his child and toward Mother." The record shows that Father: (1) paid nothing toward the ADOR tax debt or his outstanding child support even though he had

the apparent financial ability to make payments; (2) violated the divorce decree by failing to sell a motorcycle; and (3) had outstanding child support obligations when he petitioned the court to hold Mother in contempt for refusing to split the 401(k). In addition, the court found that Father's recent purchase of a new car and his extensive vacation travels showed he has more money than he claimed.

**¶26** The factual findings in the record support the court's determination that Father acted unreasonably throughout the litigation proceedings and had the financial resources to pay Mother's attorneys' fees. Therefore, the superior court did not abuse its discretion in awarding Mother attorneys' fees, and we affirm the fees award from the November 20, 2017 order. *See Vincent*, 238 Ariz. at 155, ¶ 18.

## CONCLUSION

**¶27** We affirm the superior court's award to Mother for her attorneys' fees and the denial of Father's petition to modify parenting time, legal decision-making, and physical custody. We also affirm the court's order applying the estimated value of Father's separate property as a credit to be applied to his share of the ADOR tax debt. We vacate the portion of order that found Father in contempt for failure to pay the ADOR tax debt. Finally, we remand to the family court for a current valuation of the 401(k) and the application of Father's share of the 401(k) to his outstanding child support and ADOR tax debt obligations.

