NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID LAWRENCE SCHUCK, *Appellant.*

No. 1 CA-CR 22-0342
FILED 4-4-2023

Appeal from the Superior Court in Yavapai County
No.  P1300CR202000407
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Bain & Lauritano, P.L.C., Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

**¶1** Defendant David Lawrence Schuck appeals his convictions for fraudulent schemes and artifices and theft. Schuck argues that the federal government has exclusive jurisdiction over the regulation of social security benefits, meaning Arizona's superior court lacked jurisdiction in this criminal case. For the following reasons, his convictions and resulting probation grants are affirmed.

## FACTUAL[1] AND PROCEDURAL BACKGROUND

**¶2** Schuck and Cynthia have a daughter together, "Abby."[2] Schuck and Cynthia lived separately in Yavapai County and shared parenting time, with Schuck being Abby's primary caretaker.

**¶3** Schuck received Social Security Disability benefits due to an injury he sustained. Because Abby was his minor child, she was also entitled to derivative Social Security benefits payable to Schuck as her representative payee. *See LaMothe v. LeBlanc*, 70 A.3d 977, 979, ¶ 4 (2013) (describing a minor child's Social Security benefits as "derivative benefits on account of father's disability"); 42 U.S.C. § 405(j)(1)(A) (a "representative payee" may receive a person's disability benefits to be used for the person's "use and benefit"). In 2012 or 2013, Abby went to live with Cynthia and "fully stopped seeing [Schuck]." Although Abby no longer lived with Schuck, who moved to Phoenix, he continued to receive Abby's derivative benefits.

**¶4** In June 2017, Schuck received notice from the Social Security Administration ("SSA") that, because Abby recently turned eighteen, she

---

[1] The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to sustaining the verdicts. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

[2] We use a pseudonym to protect the victim's identity.

was no longer eligible for derivative benefits unless she was a full-time student. Schuck contacted Abby's school and, based on paperwork he completed without Abby's knowledge, the school sent Schuck a document certifying Abby was enrolled full-time for her senior year. Schuck forwarded the document to the SSA.

**¶5**        Because Abby was no longer a minor, the SSA removed Schuck as her representative payee. But based on Abby's full-time enrollment in school, the SSA continued her derivative benefit checks, sending the checks to her at Schuck's address or directly depositing them in his bank account. The checks, however, were payable directly—and only—to Abby. Without informing Abby or Cynthia of the checks, Schuck endorsed them because "he felt he was entitled to these benefits." Schuck used the proceeds to pay the mortgage on his Phoenix residence, a place that Abby never lived or visited.

**¶6**        After Abby graduated from high school, she discovered that Schuck had been improperly receiving and cashing her benefit checks. Abby contacted police, who conducted a joint investigation with the SSA's Office of the Inspector General. Based on that investigation, which revealed that Schuck had received about $5,500 that belonged to Abby, the State charged Schuck with one count each of fraudulent schemes and artifices, a class two felony, and theft, a class three felony.

**¶7**        Before trial, Schuck moved to dismiss on jurisdictional grounds, arguing the federal government has exclusive jurisdiction "when dealing with SSA fraud." The superior court denied the motion. Schuck sought special action relief in this court, which declined jurisdiction; the supreme court denied further review.

**¶8**        Trial proceeded, and the jury found Schuck guilty on both counts. The trial court imposed four years' supervised probation. Schuck timely appealed. This Court has jurisdiction under article 6, § 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

**¶9**        As the sole issue on appeal, Schuck challenges the denial of his motion to dismiss. He argues, "Because of . . . preemption, state courts lack jurisdiction to review the mismanagement of derivative Social Security benefits." In support, Schuck exclusively relies on *Peace v. Peace*, 234 Ariz. 546 (App. 2014). We review preemption claims de novo. *City of Scottsdale v. State*, 237 Ariz. 467, 469, ¶ 9 (App. 2015).

¶10 Article VI, § 2 of the U.S. Constitution, known as the Supremacy Clause, establishes that the U.S. Constitution is the supreme law of the land; however, the Tenth Amendment to the U.S. Constitution provides that all "powers not delegated to the United States by the Constitution" are reserved to the states. Accordingly, the states have "vast residual powers. Those powers, unless constrained or displaced by the existence of federal authority or by proper federal enactments, are often exercised in concurrence with those of the National Government." *United States v. Locke*, 529 U.S. 89, 109 (2000). The states have the principal responsibility for defining and prosecuting crimes. *Abbate v. United States*, 359 U.S. 187, 195 (1959) (citations omitted). However, a state cannot exercise jurisdiction where Congress has "occup[ied] the field." *See*, *e.g.*, *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). Thus, unless preempted by the Supremacy Clause, states have the power to prosecute crimes based on acts which might also violate federal law. *Abbate*, 359 U.S. at 195.

¶11 To support his preemption argument, Schuck cites *Peace v. Peace*, in which this court addressed "whether federal law preempts a state court from reviewing a representative payee's use of Social Security funds." 234 Ariz. at 548, ¶ 7. After noting that Congress and the SSA "enacted extensive oversight mechanisms" regulating a representative's use of derivative benefits, *Peace* concluded that, "[b]ecause federal law occupies the [regulatory] field, a family court is preempted from reviewing the actions of a representative payee." *Id.* at ¶¶ 8–9.

¶12 Schuck's case, though, is different. This is not a case of a family court being asked to provide oversight of the specific manner in which derivative benefits are used. Instead, it involves Schuck receiving, withholding, and using for his own benefit in violation of Arizona criminal law his daughter's derivative payments after she turned eighteen. Because she was no longer a minor, Schuck had no authority to serve as her representative payee and had no entitlement to those payments. Unlike in *Peace,* where we recognized clear congressional intent to preempt state regulatory authority over representative payees who are subject to detailed federal regulations, Schuck's criminal conduct in this case was subject to the State's "historic police power" to prosecute theft and fraud. Schuck has not discharged his burden of demonstrating otherwise. *See United States v. Skinna*, 931 F.2d 530, 533 (9th Cir. 1990) (stating that the party asserting a preemption defense has the burden of proof).

¶13 *Peace* is therefore inapposite. Schuck fails to establish that the superior court lacked jurisdiction. Accordingly, the superior court did not err in denying Schuck's motion to dismiss.

## CONCLUSION

¶14 Schuck's convictions and resulting probation grants are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA