NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BENJAMIN S., | ) | |
| | ) | Supreme Court No. S-18446 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-13-01722 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STEPHENIE K., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2026 – May 1, 2024 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances:  Benjamin S., pro se, Houston, Appellant.  No appearance by Appellee.

Before:  Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

## I.    INTRODUCTION

This appeal involves an apportionment of a child's Social Security disability payments between two parents that arose during a custody dispute.  The superior court ordered the mother, who was designated to receive the payments on the child's behalf, to transmit to the father the payments she received while the father had physical custody.  The court later reduced this sum to judgment and awarded the father

---

\*      Entered under Alaska Appellate Rule 214.

attorney's fees. The father now appeals the calculation of the judgment, the amount of the attorney's fees award, and the denial of disability accommodations he requested. We conclude the court lacked subject matter jurisdiction to adjudicate the merits of the father's arguments. We therefore reverse the order and judgment at issue and vacate the associated award of attorney's fees, and remand with directions to dismiss this case.

## II. FACTS AND PROCEEDINGS

Benjamin S. and Stephenie K.[1] were previously married; they separated in 2013 and divorced in 2015. They have a child who was eligible to receive Social Security disability benefits. After their separation, they agreed that Stephenie would be the representative payee responsible for managing the child's Social Security benefits for "as long as applicable."

In 2018 the superior court ordered Stephenie to reimburse Benjamin for Social Security payments that she had received on behalf of the child between May 1, 2016, and April 9, 2018, while the child was in Benjamin's physical custody. The superior court explained, "[Benjamin] is entitled to reimbursement because the Social Security payments function as income he paid to [Stephenie] for [their child]'s benefit" and should therefore be credited against his child support obligation.

In 2021 Benjamin filed a motion asking the superior court for an order requiring Stephenie to make monthly payments for her "child support debts," including reimbursement for the Social Security benefits payments that were the subject of the 2018 order. Stephenie opposed the motion and moved to close the case, stating "the back child support balance . . . has been paid." Benjamin opposed Stephenie's motion, disputing whether she had resolved all remaining child support debts. He also moved to reduce to judgment the award from the 2018 order.

---

[1] Because of a related case, we use initials in lieu of the parties' last names to protect the family's privacy.

The superior court scheduled a hearing to address the parties' motions. In a motion to reconsider the court's scheduling order, Benjamin asked the court to vacate the hearing and modify certain court procedures as an accommodation for his disability.

The superior court held a hearing as scheduled, at which the court considered Benjamin's motion to reduce to judgment. Benjamin was represented by counsel. Neither Benjamin nor his attorney raised the request for disability accommodation.

After the hearing, the superior court issued a written order responding to Benjamin's motion to reduce to judgment, concluding Stephenie owed Benjamin the Social Security funds she had received while the child was in Benjamin's physical custody and directing Stephenie to submit a proposed payment plan to the court.

Benjamin later filed a request for full attorney's fees and costs arising from his motion to reduce to judgment.[2] Stephenie opposed this request. The court then issued an order addressing Benjamin's request for disability accommodations, apparently treating the request as moot because "there [were] no scheduled hearings in this case" at the time of the order and observing that the court was unable to grant some of the relief Benjamin requested. The court also entered judgment in favor of Benjamin, concluding Stephenie owed Benjamin $4,790 plus costs and attorney's fees. The court's judgment stated Stephenie owed Benjamin "$0" in pre-judgment interest, but said the judgment would bear interest at an annual rate of 3.25%. The court determined Benjamin's requested full attorney's fees were not "actually and reasonably incurred" and he was only entitled to 20% of a reduced total, resulting in an award of $241.20 in fees and costs.

---

**2**    *See* Alaska R. Civ. P. 82(b)(2) ("In cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.").

Benjamin appeals. We invited supplemental briefing from the parties on the issue of whether the superior court had jurisdiction to enter the order and judgment at issue in this appeal. Neither party responded to our invitation to file supplemental briefing.

## III. STANDARD OF REVIEW

"We review questions of law, including questions of subject matter jurisdiction, de novo."[3] We apply our independent judgment to questions of federal preemption.[4]

## IV. DISCUSSION

Benjamin argues the superior court erred in its resolution of three issues: (1) the calculation of the judgment, (2) the determination of attorney's fees, and (3) the denial of the disability accommodations he requested. Because we conclude the superior court lacked subject matter jurisdiction to adjudicate the allocation of Social Security benefits at issue in this case, we do not reach the merits of his arguments.[5] Instead, we reverse the court's order and judgment regarding the alleged debt and vacate the associated award of attorney's fees.

---

[3]     *Hawkins v. Attatayuk*, 322 P.3d 891, 894 (Alaska 2014).

[4]     *Tlingit-Haida Reg'l Elec. Auth. v. State*, 15 P.3d 754, 761 (Alaska 2001); *Catalina Yachts v. Pierce*, 105 P.3d 125, 128 (Alaska 2005).

[5]     Because the superior court lacked jurisdiction to provide the substantive relief Benjamin sought, any error the court may have made by deciding not to grant the procedural modifications Benjamin requested as accommodations for his disability does not affect the resolution of the issues before us in this appeal. *See* Alaska R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

**A.    Alaska Courts Lack Subject Matter Jurisdiction To Adjudicate The Allocation Of A Child's Social Security Benefits.**

Alaska courts lack subject matter jurisdiction to decide cases in which federal law provides the exclusive remedy and preempts all state-law remedies.[6] Because a comprehensive federal legal framework governs the allocation of Social Security benefits and preempts state legal processes directing reallocation of those benefits,[7] we conclude that federal law leaves Alaska courts without subject matter jurisdiction to order a representative payee to reallocate Social Security benefits, as the superior court did in this case.

Because "subject matter jurisdiction is a threshold determination and prerequisite for a court to hear a case,"[8] we have a duty to consider the issue even if it has not been raised by the parties; "[t]his issue cannot be waived."[9] A defect in subject matter jurisdiction "may be raised at any stage of the litigation."[10] When we conclude

---

[6]    *See Andrews v. Alaska Operating Eng'rs-Emps. Training Tr. Fund*, 871 P.2d 1142, 1149 (Alaska 1994) (affirming dismissal, for lack of subject matter jurisdiction, of claims preempted by federal Employee Retirement Income Security Act).

[7]    *See* 42 U.S.C. §§ 402(d), 407(a). In this decision, we use the word "allocation" and related terms to refer only to situations in which a party seeks a transfer of Social Security benefit funds from a representative payee to someone other than the designated beneficiary. This case does not require us to decide whether it would be consistent with our decision in *C.G.A. v. State*, 824 P.2d 1364 (Alaska 1992), for an Alaska court to exercise jurisdiction to order a representative payee to transfer funds back to the beneficiary if the representative payee has misused those funds and/or committed fraud. *Cf. Jahnke v. Jahnke*, 526 N.W.2d 159, 163 (Iowa 1994).

[8]    *Hawkins*, 322 P.3d at 894.

[9]    *Robertson v. Riplett*, 194 P.3d 382, 386 (Alaska 2008) (quoting *Wanamaker v. Scott*, 788 P.2d 712, 714 n.2 (Alaska 1990)); *see also O'Link v. O'Link*, 632 P.2d 225, 226 n.2 (Alaska 1981).

[10]    *Hydaburg Coop. Ass'n v. Hydaburg Fisheries*, 925 P.2d 246, 248 (Alaska 1996) (quoting *Burrell v. Burrell*, 696 P.2d 157, 162 (Alaska 1984)).

that the superior court lacked subject matter jurisdiction to enter the judgment at issue on appeal, we reverse and remand with directions to dismiss the case.[11]

Federal law governing Social Security benefits for children expressly limits courts' interference with the allocation of those benefits:  "[N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other *legal process*."[12]  Federal law provides that disputes in which parties seek reallocation of Social Security benefits for children must be resolved through a federal administrative process, not through state-law actions.[13]

Federal law also provides a comprehensive scheme for the allocation of Social Security benefits for children.  Under federal law, the representative payee responsible for managing a child's Social Security benefits must determine how to best allocate the funds for the "use and benefit of" the child.[14]  "Detailed regulations govern a representative payee's use of benefits.  Generally, a payee must expend funds 'only for the use and benefit of the beneficiary,' in a way the payee determines 'to be in the [beneficiary's] best interests.' "[15]  A payee must account for the use of benefits in written reports submitted at least annually.[16]  There are federal sanctions and other

---

[11]  *See Hawkins*, 322 P.3d at 897.

[12]  42 U.S.C. § 407(a) (emphasis added).

[13]  *See* 42 U.S.C. § 407(a); 20 C.F.R. §§ 404.900-.999d, .2041, .2050, .2060 (2022).

[14]  42 U.S.C. § 1383(a)(2)(A)(ii)(I).

[15]  *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 376 (2003) (quoting 20 C.F.R. §§ 404.2035(a), 416.635(a) (2001)).

[16]  42 U.S.C. § 405(j)(3)(A); 20 C.F.R. § 404.2065 (2022).

remedies available when a payee violates these federal obligations.[17] For example, if a payee misuses funds intended for a child's benefit, the payee could face federal felony charges.[18]

Consistent with these observations, we have held that the "existence of a federal remedy" for allocation of a child's Social Security benefits "preempts state interference with an appointed payee's decision to spend the Social Security benefits."[19] Because federal law provides the exclusive remedy for misallocation of Social Security benefits and preempts state-law remedies, Alaska courts lack jurisdiction to enter orders directing the allocation of those benefits.

**B.     We Reverse The Order And Judgment Because The Superior Court Lacked Jurisdiction To Enter Them.**

The superior court's order and judgment purported to direct the allocation of Social Security benefits, but as we have just explained, Alaska courts lack jurisdiction to enter decisions with that effect.

Our conclusion in *C.G.A. v. State*[20] that federal preemption deprives Alaska courts of power to direct the allocation of Social Security benefits controls this

---

[17]     *See, e.g.*, 20 C.F.R. § 404.1745 (2022) ("When we have evidence that a representative fails to meet our qualification requirements or has violated the rules governing dealings with us, we may begin proceedings to suspend or disqualify that individual . . . ."); 20 C.F.R. § 404.2041(a) (2022) ("A representative payee who misuses . . . benefits is responsible for paying back misused benefits. We will make every reasonable effort to obtain restitution of misused benefits . . . .").

[18]     42 U.S.C. § 408(a)(5).

[19]     *C.G.A. v. State*, 824 P.2d 1364, 1367 (Alaska 1992) (citing *Brevard v. Brevard,* 328 S.E.2d 789, 792 (N.C. App. 1985)); *accord In re Guardianship of Bazakis*, 992 N.W.2d 673, 682 (Mich. App. 2022) (collecting cases); *Peace v. Peace*, 323 P.3d 1197, 1199 (Ariz. App. 2014); *In re Ryan W.*, 76 A.3d 1049, 1060 (Md. 2013); *In re Haylea G.,* 745 S.E.2d 532, 539 (W. Va. 2013); *In re Guardianship of Smith*, 17 A.3d 136, 139-40 (Maine 2011); *see also LaMothe v. LeBlanc,* 70 A.3d 977, 995-96 (Vt. 2013) (Dooley, J., concurring in part and dissenting in part).

[20]     824 P.2d 1364.

case. In *C.G.A.* we considered the possibility that, in a future case, the rule we adopted there could "prevent the state from ordering a noncustodial payee to pay a child's Social Security benefits over to a custodial parent."[21] The dispute between Benjamin and Stephenie presents exactly that situation. Federal law preempted the superior court from ordering Stephenie to pay Benjamin Social Security benefits she received on the child's behalf. We therefore reverse the order and judgment for lack of subject matter jurisdiction.

Because we reverse the order that formed the basis for the superior court's award of attorney's fees to Benjamin, we also vacate the award of attorney's fees.[22]

## V. CONCLUSION

We REVERSE the order and judgment. We VACATE the associated award of attorney's fees. We REMAND to the superior court with directions to dismiss this case.

---

[21] *Id.* at 1367.

[22] *See Hawkins v. Attatayuk*, 322 P.3d 891, 897 n.21 (Alaska 2014) (vacating attorney's fees award after concluding case should be dismissed for lack of subject matter jurisdiction).